175 So.2d 385 (1965)
J. Norman COON, Administrator of the Succession of William Henry Miller, Plaintiff-Appellee,
v.
Mrs. Elgin MILLER, Defendant-Appellant.
No. 10357.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1965.
Rehearing Denied May 21, 1965.
Writ Refused June 28, 1965.
J. B. Dawkins, Monroe, for defendant-appellant.
Coon & Coon, Monroe, for plaintiff-appellee.
*386 Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
This is an action for eviction instituted by plaintiff as the duly qualified Administrator of the Succession of William Henry Miller who died, intestate, on August 21, 1961. From judgment ordering defendant to vacate the described premises and deliver possession thereof to plaintiff, the defendant has appealed.
The defendant is the surviving spouse of the decedent and since his death has continued to occupy the residence property located in the City of Monroe belonging to the community which had been established and used as the home of the parties prior to decedent's death. On April 29, 1964, a default judgment was rendered in favor of plaintiff and against defendant in the principal sum of $1,920.00, representing rent accruing after the death of William Henry Miller. Said judgment further reserved plaintiff's right to sue defendant for rent accruing after April 21, 1964, until such time as decedent should deliver possession of the property.
Plaintiff's petition alleged that although there was no written agreement of rental between plaintiff and defendant an implied agreement existed under which defendant was required to pay rental of $60.00 per month for the use and occupancy of the premises. The petition further alleged formal demand upon defendant to vacate the premises and her refusal to comply. Plaintiff also averred that even if the relationship of lessor and lessee did not exist he was entitled to possession of the property by reason of the fact that "the purpose of the occupancy" by defendant had ceased. To this petition defendant filed an answer which included a plea of no right and no cause of action.
There can be no dispute as to the fact that defendant is the owner of an undivided one-half interest in the property involved as surviving widow in community with the deceased. Plaintiff contends that as Administrator he is entitled to possession of all property of the succession and is responsible for the enforcement of all obligations and claims in its favor. On behalf of defendant it is urged that an action of eviction does not lie against her since she occupies the property by right, as a co-owner.
If this action should be considered as a proceeding against a lessee or tenant of property liable for unpaid rent, it would seem clear that plaintiff would be entitled both to the remedy of eviction and to possession of the premises, and that the present suit would be authorized under the provisions of LSA-C.C.P. Title, 11, Article 4701 et seq., relating to the ejectment of tenants and occupants.
However, the instant case does not justify the application and the enforcement of the codal provisions above noted. The record does not contain evidence of any nature of lease or agreement of rent between the parties, either express or implied. Despite the fact that plaintiff is a judgment creditor for an amount representing unpaid rent, this judgment in itself is not sufficient to sustain the contention that defendant's right of occupancy derives from any agreement of lease or rental.
While we have been unable to find any jurisprudence squarely in point, we think it is well established that a co-owner of real property is entitled to the occupancy thereof. This principle was conclusively expressed in the opinion of Mr. Justice McCaleb in Juneau v. Laborde, 228 La. 410, 82 So.2d 693, as follows:
"* * * the co-owner who takes possession of the common property does not have to account to his coproprietor, because the right of occupancy is vested in him by virtue of his ownership. Article 494, Civil Code." (Emphasis supplied)
The opinion further held that the rights of co-owners to possession of property *387 were equal and co-extensive. The same pronouncement was made in Arcemont v. Arcemont (4th Cir., 1964), 162 So.2d 813.
On the basis of the above authorities and others to the same effect, it must be concluded that a co-owner cannot be divested of possession by an action of eviction.
A co-owner deprived of the possession and the benefit of property has a remedy by a suit for partition; Moreira v. Schwan, 113 La. 643, 37 So. 542; Juneau v. Laborde, supra.
For the reasons stated it is our opinion that plaintiff has no right to maintain the action of eviction, and, accordingly, the judgment appealed from is set aside, avoided and reversed, and,
It is now ordered, adjudged and decreed that plaintiff's demands be dismissed at his cost.