273 So.2d 605 (1973)
Mrs. Rochelle TEREBELO, wife of Philip P. SPENCER
v.
Philip P. SPENCER.
No. 5461.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1973.
Rehearing Denied March 13, 1973.
*606 Provensal & Fitzmaurice, Edmond H. Fitzmaurice, Jr., New Orleans, for defendant-appellant and plaintiff-appellee.
Goldman & Levin, Stanley H. Levin, New Orleans, for plaintiff-appellee and defendant-appellant.
Before SAMUEL, STOULIG and BAILES, JJ.
STOULIG, Judge.
This appeal presents two issues: the validity of an award of the exclusive use of the family home to the divorced parent having custody of the minor children; and the reasonableness of the visitation privileges granted to the noncustodial mother.
Mrs. Rochelle Terebelo Spencer and Philip P. Spencer were divorced by judgment of May 27, 1971, which awarded, inter alia, the custody of the couple's five minor children and the use of the family home to Mrs. Spencer and rather extensive rights of visitation to Mr. Spencer. On May 2, 1972, this court rendered a judgment transferring custody of the children to Mr. Spencer and referring back to the trial court matters of visitation, use of the family home, and other incidentals. Thereafter, on a rule to vacate instituted by Mr. Spencer, Mrs. Spencer was ordered to surrender possession of the home within ten days. From this judgment she suspensively appeals.
It is undisputed that the home in question is a community asset, having been *607 acquired during the existence of the marriage. Under our laws, a judgment of divorce terminates the existence of the community of acquets and gains and vests rights of co-ownership in the respective spouses. Thus, by effect of the judgment of divorce, Mr. and Mrs. Spencer have become co-owners in indivision of the family home.
Our jurisprudence has established beyond question that the right to use and occupancy of a co-owned asset is coequal in the respective owners; that the co-owner having possession cannot be removed from the use and occupancy thereof; and that the proper remedy of the dissatisfied co-owner deprived of possession is a suit for partition by licitation. Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (1955); Coon v. Miller, 175 So.2d 385 (La.App.2d Cir. 1965); Arcemont v. Arcemont, 162 So.2d 813 (La.App.4th Cir. 1964).
It cannot meritoriously be contended, as Mr. Spencer argues, that the granting of the use of the family home to the person having custody of the children is warranted under the language of LSA-C. C. art. 158 to the effect that the "* * * divorce shall not in any case deprive the children * * * of any of the advantages which were secured to them * * * by the marriage contract * * *." It should be observed that the last clause of the article clearly restricts the children's rights and claims to "* * * the manner and * * * circumstances, where such claims would have taken place, if there had been no separation." We know of no such right of the children which would serve Mr. Spencer's interpretation in this instance. Jurisprudential constructions of Article 158 have been uniformly restricted and applied to issues of child support.
Carrying Mr. Spencer's interpretation of Article 158 to its logical extremes would produce the legal consequence of rendering the family home unavailable for partition or sale during the minority of the children by burdening it with the minor's right of use and habitation. Further it could result in the unprecedented, incongruous situation in which any individual (relative or stranger) having custody of the children could occupy the house to the exclusion of both co-owners. There is no basis in law or jurisprudence for entertaining these untenable positions.
While the father suggests that the home was purchased to accommodate the needs of the children, this reflects only motivation for its acquisition, but does not alter its community property character. Mr. Spencer is a co-owner in indivision with his former wife. Accordingly his remedy is by suit for partition. Observing from the record that such a suit is presently pending, we can only suggest that it be actively pursued.
Subsequent to this court's prior judgment depriving her of custody of the children, Mrs. Spencer instituted a rule for visitation privileges. The trial judge granted rather liberal and extremely detailed visitation privileges, closely paralleling those previously enjoyed by Mr. Spencer. The judgment allowed visitation on all Sundays except Father's Day between 11:45 a. m. and 6 p. m.; each Wednesday from 6:30 p. m. to 8:30 p. m.; and on various religious, civil, and traditional holidays, generally alternating years and/or times of the day with the father. From this judgment Mr. Spencer has devolutively appealed, questioning whether Mrs. Spencer has forfeited her right of visitation by prior conduct and urging that the visitation allowed constitutes prohibited divided custody.
It is well settled that the trial court is vested with broad discretion in its award of visitation privileges to a parent. Absent an abuse of that discretion, a specific finding that the physical health, emotional stability, or moral well-being of a child is adversely affected or that the visitation is tantamount to a division of custody, the award of the trial court will not be *608 disturbed. Much latitude must be allowed the trial court in determining these facts based on the circumstances of each case, and, accordingly, its judgment is entitled to great weight. Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949); Ogden v. Ogden, 220 So.2d 241 (La.App.1st Cir. 1969); Vinet v. Vinet, 184 So.2d 33 (La.App. 4th Cir. 1966).
Mr. Spencer states that "there is serious question" whether Mrs. Spencer has forfeited her right of visitation by conduct resulting in a judgment of divorce against her and the later loss of custody of the children. Noting that grounds for divorce and loss of custody do not necessarily form grounds for loss of visitation, we observe that this question addresses itself to the above-described sound discretion of the trial judge. He apparently felt it lacked merit in this case. We find no abuse of his discretion.
Though the father now complains that the visitation privileges awarded are excessive, we must note that they closely parallel those granted to him when custody rested with the mother. We cannot agree that the visitation allowed amounts to a division of custody. This court in Vinet v. Vinet, supra, recognized as follows:
"* * * [E]ach case is dependent upon its own facts. What constitutes a prohibited part-time custody in one instance might not constitute such in another; and where one parent has been given the custody of the child or children the exercise by the other parent of his or her right of access to the child or children should be given by the trial court under such reasonable restrictions as the circumstances warrant within the sound discretion of that court. [Citations omitted.]" 184 So.2d at 36, 37.
In the case of Ogden v. Ogden, supra, cited to us by Mr. Spencer, visitation rights of the entire first and third weekends of each month were held to constitute a division of custody. There the court approved of the principle espoused in Vinet, but distinguished the Ogden situation on the basis that the rights of visitation involved a travel factor of 150 miles twice monthly, which necessitated advance planning and preparation in each instance. The children in effect had two homes, leading to confusion resulting from the undesirable division of parental authority. The court found as a matter of fact that this arrangement created an emotional disturbance in the children and was to be avoided in their best interests.
The record in the case before us contains none of these distinguishing factors. To the contrary both parents reside within the same city and the visitation judgment does not permit any overnight stays. Approximately half of the incidents of visitation are limited to two or three hours. Apparently, the trial court, being familiar with all of the circumstances, the parties, their temperaments and attitudes, concluded that the granting of visitation as set forth in its judgment would neither constitute a division of custody or authority nor interfere with the discipline and training necessary for the orderly and proper rearing of the children. We agree and simultaneously emphasize that should experience prove the contrary, the custodial parent has the right to seek modification or adjustment of the order whenever the interests of the children may so demand.
For the reasons above assigned, that part of the judgment of the trial court dated May 29, 1972, ordering Mrs. Rochelle Terebelo Spencer to surrender possession of the family home located at 575 Amethyst Street, New Orleans, Louisiana, to Philip P. Spencer is annulled and set aside.
It is further ordered that the rights of visitation awarded to Mrs. Rochelle Terebelo Spencer in the judgment dated June 29, 1972, is affirmed.
All costs of this appeal are to be paid by Philip P. Spencer.
Anulled in part; affirmed in part.