326 So.2d 405 (1976)
Camilla Doiron DOHERTY, Plaintiff-Appellee,
v.
Richard K. MERTENS, Defendant-Appellant.
No. 5316.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1976.
*406 Ford & Nugent, by Howard N. Nugent, Jr., Alexandria, for defendant-appellant.
Voltz & Ware, by Gus Voltz, Jr., Alexandria, for plaintiff-appellee.
Before HOOD, GUIDRY, and PETERS, JJ.
PETERS, Judge Ad Hoc.
This is an appeal from a judgment fixing visitation rights. Plaintiff, Mrs. Doherty, and defendant, Mr. Mertens, at one time were married to each other. They have a four year old son, Richard K. Mertens, Jr. Plaintiff and defendant were divorced in June, 1974, and defendant subsequently was awarded custody of the minor child. Because Mr. Mertens refused to allow Mrs. Doherty to visit the child, Mrs. Doherty filed suit to have her visitation rights fixed. After hearing, the trial court awarded Mrs. Doherty the right to visit the child two weekends per month from 9:00 A. M. Saturday to 6:00 P. M. Sunday and on alternate major holidays. In addition, Mrs. Doherty was given the right to have the child for two weeks during the year. All visitation was restricted to Rapides Parish. Defendant has appealed from this judgment. We find the trial judge was within the bounds of his discretion in his award of visitation rights and therefore affirm the lower court judgment.
On the date this appeal was argued in this court, defendant filed a motion to *407 remand for additional testimony. It was alleged in this motion that Mrs. Doherty had taken the child to an R-rated movie where he was subjected to scenes of crime, vulgarity and violence. Plaintiff wished to urge this as an additional ground for denying visitation and wanted additional evidence to be taken by the trial court on this matter. Plaintiff allegedly took the child to the R-rated movie on December 30, 1975, some four months after the trial court judgment was rendered in this case. Obviously, Mrs. Doherty's actions of December 30, 1975, cannot be considered as a basis for denying visitation in the present suit as the suit was tried and judgment was rendered before the alleged incident. The motion to remand is therefore denied and we will restrict our consideration to the record as it now stands.
Defendant argues the trial court's award of visitation constituted an abuse of discretion. He argues first that the award was an abuse of discretion in light of the medical evidence. Dr. Joseph Villard, an ear, nose and throat specialist who had treated the child for rhinosinusitis, testified on behalf of defendant. Dr. Villard stated the child's allergic condition would be aggravated if he were to visit his mother regularly at her home in Baton Rouge because the pollen count in Baton Rouge is very high. Dr. Villard said he would recommend the child be left in one home environment with that environment carefully controlled to reduce dust and mold. However, on cross-examination Dr. Villard said it would be permissible for the child to spend a night or two in a different home as often as once a week. In view of this testimony, it is clear the trial judge did not abuse his discretion in making the award. The visitation rights he awarded were carefully limited in accordance with the recommendations made by Dr. Villard.
Counsel for Mr. Mertens suggested to this court that the visits should be restricted to the home of Mr. Mertens' parents, where the child now lives. This would eliminate the need for forcing any change of environment on the child. The evidence adduced in the trial court shows clearly that Mr. Mertens' parents would consider Mrs. Doherty unwelcome in their home. It would therefore be unwise to restrict visitation to that home.
Defendant argues as an additional basis for reversal that the trial court judgment gives Mrs. Doherty the right to visitation for 64 days out of the year and this amounts to prohibited divided custody. In support of this contention, defendant cites several cases, particularly Ogden v. Ogden (La.App. 1st Cir., 1969), 220 So.2d 241, holding that periods of visitation similar to those awarded to Mrs. Doherty constituted divided custody. In Ogden, the children, who lived in Lafayette with their mother, visited their father in Baton Rouge on the first and third weekends of every month. The evidence, which included the deposition of the children's pediatrician, clearly showed the frequency of visits was conducive to an unstable home atmosphere and was contributing to emotional problems in the children. In the instant case, there is little evidence that the frequency of visits awarded by the trial court will lead to any loss of authority of defendant over the child or any emotional instability; the only evidence on this issue is the assertion by defendant that plaintiff had attempted to turn the child away from him, which she denied. The trial judge clearly committed no manifest error in finding the evidence insufficient to justify curtailment of visitation. Visitation rights that constitute prohibited divided custody in one instance might not constitute such in another; the particular facts in each case must be considered. Vinet v. Vinet (La.App. 4th Cir., 1966), 184 So.2d 33. Considering the evidence presented in the instant case, we find the trial judge did not abuse his discretion in fixing Mrs. Doherty's visitation rights.
All costs in this court and in the court below are to be paid by defendant-appellant.
Affirmed.