GUIDRY, Judge.
Defendant appeals from a judgment of the trial court refusing to modify an earlier judgment of the same court which allowed the plaintiff, father, visitation rights with his three minor children as follows:
“. . plaintiff, Ronnie McDonald, Sr., is to have the custody of the minor children the first and third week-end of each month from 7:30 Friday afternoon until 5:00 P.M. on Sunday afternoon with it being his obligation to pick the children up at their mother’s home and to return the children to their mother’s home. He is further to have the custody of the children in addition to his other visitation privileges four (4) weeks during the summer months with said four (4) weeks to be divided between the months of June, July and August rather than to be consecutive and that he is additionally to have the custody of the minor children with him for five (5) days during the Christmas holidays in addition to his other rights of custody with Christmas day being excluded with said children to be remaining with their mother on Christmas Day.”
Appellant seeks amendment of the trial court judgment so as to reduce appellee’s visitation rights contending that the quoted decree amounts to “split or divided” custody and is thus improper.
*1294 The appeal record does not contain the testimony of the witnesses, however, it does contain a document entitled “STATEMENT OF FACTS” which was prepared and signed by the trial judge at appellant’s request pursuant to the provisions of LSA-C.C.P. Article 2131. This written narrative sets forth no specific findings of fact but rather only the conclusion that the testimony adduced reflects that . . the present visitation arrangement has not had an adverse effect on the children and has been working reasonably well . . Appellant does not complain on appeal that the trial court’s written narrative is inadequate. This being considered we determine that the trial court’s conclusion that the children’s welfare has not been injuriously affected must be affirmed. This is so because it is presumed that the trial court judgment was rendered upon sufficient evidence and in accordance with law, in the absence of a showing in the record to the contrary. Clark v. Richardson, 157 So.2d 325 (La.App. 3rd Cir. 1963).
In light of the above the sole issue presented is whether, under all circumstances, an award of visitation rights totaling eighty-one (81) days annually is excessive and amounts to “split or divided” custody. We think not.
Although the visitation privileges granted in the instant case are liberal we do not believe that the rights granted are so extensive or so liberal as to constitute a divided authority or shared control of the children. There is absolutely no showing in the record that the frequency of visits is burdensome to the children or has caused them emotional upset, as was the case in Ogden v. Ogden, 220 So.2d 241 (La.App. 1st Cir. 1969). Nor has there been any showing that the liberal visitation rights allowed are of such duration and frequency as to cause confusion among the children as to parental authority, as was the case in Poole v. Poole, 270 So.2d 215 (La.App. 1st Cir. 1972, writ refused). The only showing in the appellate record is to the contrary, that the present arrangement has had no adverse effect on the children and is working reasonably well.
In the recent case of Pate v. Pate, 348 So.2d 1338 (La.App. 3rd Cir. 1977) we affirmed a somewhat similar grant of specific visitation privileges stating:
“When the parents of the minor child are separated or divorced and the custody of the child has been awarded to one parent, the other has the right to see and visit with the child at reasonable times, unless that right has been forfeited by the parent who claims it, or unless the exercise of that privilege would injuriously affect the child. The paramount consideration in determining the specific visitation privileges which should be granted in any case is the welfare of the child. Generally, the best interest of the child is served by placing him in the custody of one parent and not alternatively in the custody of each. The award of visitation privileges, therefore, should not be extended to the point where it becomes divided custody of or a division of authority over the child. Much discretion is vested in the trial court in determining the times when and the conditions under which a parent may have access to his child, and the decision of the trial judge as to the visitation privileges will not be disturbed unless there has been an abuse of discretion. Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949); Newson v. Newson, 176 La. 694, 146 So. 472 (1933); Vinet v. Vinet, 184 So.2d 33 (La.App. 4 Cir. 1966); Bowlin v. Bowlin, 222 So.2d 637 (La.App. 2 Cir. 1969); Spencer v. Spencer, 273 So.2d 605 (La.App. 4 Cir. 1973); Holley v. Holley, 158 So.2d 620 (La.App. 3 Cir. 1963); Ogden v. Ogden, 220 So.2d 241 (La.App. 1 Cir. 1969).”
Our ultimate conclusion is that there has been no showing of error or abuse of discretion on the part of the trial court. Accordingly, the judgment should be affirmed at appellant’s cost.
AFFIRMED.