357 So.2d 69 (1978)
Mrs. Judith Homes, w/o Norman L. JOHNSON
v.
Norman L. JOHNSON.
No. 8900.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
Rehearing Denied April 11, 1978.
Writ Refused June 2, 1978.
*70 Tucker, Schonekas & Garrison, Russell J. Schonekas, Trial Atty., New Orleans, for Norman L. Johnson, defendant-appellee.
Reed, Reed & D'Antonio, Floyd J. Reed, Trial Atty., Metairie, for Mrs. Judith Homes, wife of Norman L. Johnson, plaintiff-appellant.
Before BOUTALL, SCHOTT and GARSAUD, JJ.
BOUTALL, Judge.
This is an appeal from a judgment decreasing child support and increasing the father's visitation privileges.
Originally, in the judgment of divorce between them, Judith Homes Johnson was awarded custody of the three minor children and Norman L. Johnson was granted reasonable visitation. Child support was fixed at the sum of $5,000 per month and Mr. Johnson was further ordered to pay for the benefit of his children a number of other expenses in an indeterminate amount, subject to a maximum figure, for example, travel expenses to the extent of $6,000 per year; appliance and house repairs to the extent of $6,000 per year; tuitions in the approximate sum of $306.00 a month; etc. As a result of further proceedings, the visitation rights were fixed at specific times such as every other weekend, certain holiday arrangements and three weeks during summer vacation. The present judgment arose as a result of three rules filed by Mrs. Johnson seeking, 1.) executory judgment of past due child support; 2.) modification and structuring of visitation privileges and 3.) modification of child support and alternatively for increase. Mr. Johnson filed two rules seeking to increase visitation and to reduce child support. The court awarded judgment in favor of Mr. Johnson and Mrs. Johnson appeals. There is no issue raised on appeal as to the executory judgment for past due child support.

*71 ON THE ISSUE OF CHILD SUPPORT
The basic issue raised by the appellant, Mrs. Johnson, is that the child support should not be decreased because there is no showing of a change in circumstances to warrant a decrease. The rule is stated in the case of Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) which held that a consent judgment of alimony is not subject to reduction unless a change of circumstances supporting reduction is proved. See also Ducote v. Ducote, 339 So.2d 835 (La.1976). This rule applies to child support awards as well as alimony awards. Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir. 1975). It is apparent that the trial judge was cognizant of this rule and its effect on the case before him. However he was faced not with a fixed determinate amount of alimony, but a composite judgment which fixed an amount of $5,000 per month, and then additionally provided for some 14 items of expense for which no amount was fixed but only a maximum, not to be exceeded. As a result, he concluded that he was not bound strictly by the Bernhardt rule, but, because of the difficulties which arose between the parties and in order to eliminate one source of friction between them, he was compelled to set a lump sum amount based upon the needs of the children and the ability of the father to pay. We agree with his determination to proceed in this fashion, although we do not agree with the results reached.
It is apparent from the record, in which there are allusions to a number of sources of difficulty not specifically brought out in the evidence, that there was a problem between the parties as to the payment of a number of these bills, resulting in Mrs. Johnson's difficulties with school tuition, etc. and the necessity for her to bring the rule to make past due alimony executory. After considering the evidence presented to him, the court was of the opinion that the child support should be decreased to the sum of $3,500 per month plus any and all hospital bills incurred for the said children and bills for doctors and medicine incurred in connection with any such hospitalization of the children.
In our consideration of the evidence, we cannot say that the judge was wrong as a matter of fact in determining this amount as sufficient for the support of the children. He is granted wide discretion in determining such an award, and for us to say that some other amount should be set would merely be to substitute our opinion for his. We would affirm his opinion except that we are faced with a legal proposition that prevents the decrease of the alimony to that figure. Referring again to the principle in Bernhardt, we find that there has been no change in the circumstance as relates to the expenses of the children, and the amount of support that can be provided by their father, a multi-millionaire. Under these circumstances, we conclude that that portion of the consent judgment which was fixed, the sum of $5,000 per month, comes under the Bernhardt rule. We do not conclude that the consent judgment can be reduced below that figure, without a showing of change of circumstances. Accordingly, purely on this issue of law, we would amend the judgment of the trial court to provide for child support in the sum of $5,000 per month, plus the hospitalization expenses stated which were included in this judgment by consent of both parties.

THE ISSUE OF VISITATION
Appellant contends that the trial judge erred in denying her motion to decrease visitation, and in increasing the visitation as requested by appellee. Mrs. Johnson testified that Mr. Johnson had not cared for the children properly, that his taking of the children on weekend trips to far places in his private airplane not only caused great concern for the safety of the children, but interfered with their ability to attend school upon their return, that Mr. Johnson did not properly consider the medical condition of the children, and that he encouraged them to disobey their mother. Mr. Johnson denied this, but asserted that he had taken the best of care of the children. The trial judge obviously accepted the testimony of Mr. Johnson as true, because he actually *72 increased his visitation privileges. On the matter of a credibility call between the witnesses and particularly in a case such as this where the parties have been before the court with their matrimonial and domestic disputes any number of times, this court accords much discretion to the trier of fact, and sees no reason to disagree with those conclusions. We agree with the dismissal of Mrs. Johnson's request for decrease.
However, on the matter of the increase in visitations, we do feel that the trial judge erred. The paramount consideration in determining visitation rights is the welfare of the child. If an exercise of the visitation rights awarded by the trial court is deemed to be injurious to the child's welfare upon appellate review, the Court of Appeal will reverse the trial court's award. LeBouef v. LeBouef, 325 So.2d 290 (La.App. 4th Cir. 1975). Larroquette v. Larroquette, 293 So.2d 628 (La.App. 4th Cir. 1974); Ogden v. Ogden, 220 So.2d 241 (La.App. 1st Cir. 1969). On the other hand, if an appellant fails to show that the provisions of the trial court's judgment would be detrimental to the health and welfare of the children, the Court of Appeal will affirm the trial court's award. Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949); Shows v. Shows, 345 So.2d 975 (La.App. 2nd Cir. 1977) writ denied 347 So.2d 248; Doherty v. Mertens, 326 So.2d 405 (La.App. 3rd Cir. 1976); Spencer v. Spencer, 273 So.2d 605 (La.App. 4th Cir. 1973); Gallagher v. Gallagher, 212 So.2d 233 (La.App. 2nd Cir. 1968), appeal after remand 218 So.2d 366 (La.App. 2nd Cir. 1969).
In the original visitation judgment of June 23, 1976 the court granted visitation as follows:
"* * * every other weekend from 4:00 p. m. Friday until 5:00 p. m. Sunday, beginning Friday June 18, 1976; and further on Christmas days from 3:00 p. m. until 9:00 p. m. beginning with Christmas, 1976, and on alternating Easter Sundays and Thanksgiving day from 9:00 a. m. until 6:00 p. m., beginning with Easter 1977; and further, for three weeks during the summer vacation."
In the judgment appealed, March 16, 1977, the visitation privileges were fixed as follows:
"a. In odd numbered years from December 25, at 5:00 p. m. until December 29, at 5:00 p. m. and on even numbered years from December 25, at 5:00 p. m. until December 27, at 5:00 p. m., commencing with the year 1977.
"b. In even numbered years, from Friday, 5:00 p. m. until Friday 5:00 p. m. of the Easter school vacation and in odd numbered years on Easter Sunday from 5:00 p. m. until 9:00 p. m., commencing with the year 1977.
"c. The Thanksgiving holidays in even numbered years only, from Wednesday, 5:00 p. m. through Saturday, 5:00 p. m. commencing with the year 1978.
"d. Alternate weekends from Friday, 4:00 p. m. until Sunday, 5:00 p. m. commencing Friday, March 11, 1977.
"e. Every Wednesday from 4:00 p. m. until 7:00 p. m., commencing Wednesday, March 16, 1977.
"f. For three weeks during summer vacation during August and September."
Appellant contends that such a grant of visitation amounts to divided custody and refers us to a number of cases wherein the appellate courts have reduced visitation to a much lower level than that shown. At the same time it is contended that this seriously interfered with the ability of the mother to properly insure their schooling and religious education and interferes with her general control over the behavior of the children as well as the children's social life. We note that each case involving visitation rights is dependent upon its own facts. Vinet v. Vinet, 184 So.2d 33 (La.App. 4th Cir. 1966). The particular facts in each case determine whether the visitation rights constitute prohibitive divided custody. Doherty v. Mertens, 326 So.2d 405 (La.App. 3rd Cir. 1976). As a consequence of this, it follows that the trial judge must necessarily be granted wide discretion in fixing visitation rights, and our task is to review the record to determine the basis upon which the trial judge reached his conclusion.
*73 We note that the trial judge made some changes in altering the structure of the visitation during the holiday periods, and with this we have no concern. Our concern is only with the additional visitation granted every Wednesday from 4:00 P.M. until 7:00 P.M. In view of the large amount of visitation already granted, it seems to us that the increase should not have been granted unless extraordinary conditions exist which would warrant such an intrusion into the children's routine both during the school year and every week of vacation time. We point out that under this plan, the mother is unable to have the children with her either at home or on vacation for an entire week at a time. During school term, these children, who are now approximately 11, 10 and 8 years of age, must spend an evening during the school week with their father and we cannot help but conclude that it will interrupt their schooling process to their detriment.
In our examination of the record, we note that there is practically no evidence to support the Wednesday visitation, except that there are some references that at one time it may have been considered to be agreed upon by the parties; although this is disputed by Mrs. Johnson. The only reference for the need for such visitation by Mr. Johnson was that the children needed both parents to grow up and be stable. We do not believe that this unsupported statement can outweigh the disadvantage that it will effect on the children. Accordingly, we feel that the increase of Wednesday visitation should be annulled, based on the considerable visitation already granted, which is converted almost to a situation of divided custody, as well as the interference with the children's schooling and social life.
For the reasons above assigned, we amend the judgment rendered so as to change the sum of $3,500 per month as child support to the sum of $5,000 per month, and to delete from the visitation granted section (e) "Every Wednesday from 4:00 p. m. until 7:00 p. m., commencing Wednesday, March 16, 1977.", and as thus amended, the judgment is affirmed. Each party to pay its own appellate costs.
AMENDED AND AFFIRMED.