DOMENGEAUX, Judge.
Carole Calvert Creech was granted a legal separation and, ultimately, a divorce from Bob Newton Creech. She received the permanent custody of the couple’s two minor children, and Mr. Creech was allowed specific visitation privileges. Additionally, the mother was awarded $300.00 per month for child support.
Subsequently, Mr. Creech proceeded by rule for extended visitation rights, and Mrs. Creech reconvened for additional child support.
At hearing, the father’s visitation privileges were extended and child support was increased. Mrs. Creech now appeals contending that the increase in child support was inadequate and that the modified visitation privileges, if allowed to stand, would perpetuate “split or divided” custody.
CHILD SUPPORT
The child support was increased from $300.00 to $325.00 per month, and, additionally, Mr. Creech was ordered to maintain dental and medical insurance for the children. Although the father’s annual salary was found to be $28,000.00, with housing provided by his employer, we cannot say that the trial judge abused his discretion in view of the limited factual information before us. We also note that, at the time of the original child support decree, the mother was unemployed. She is now employed, having take home pay of approximately $350.00 per month. The obligation to support, maintain, and educate the children extends to the mother. La.C.C. Art. 227.
Additionally, the district judge noted that Mr. Creech now has certain obligations which he did not have when support was initially awarded. Appellant does not contend that the written narrative entitled “Statement of Facts” has inaccurately portrayed that fact.[1] Without the benefit of a transcript of the parties’ testimony, we *1246 must accept this finding made by the trial court. McDonald v. McDonald, 357 So.2d 1293 (La.App. 3rd Cir. 1978). The $25.00 per month increase was an attempt by the trial court to, as he said: “balance present needs against present ability to pay.” On the basis of the record before us, we find the increase in the support award within the bounds of the trial judge’s discretion.
VISITATION PRIVILEGES
In the recent case of McDonald v. McDonald, supra, we held that an award of visitation rights totaling 81 days annually was not excessive. The true test is whether the frequency or length of visitation will be detrimental to the welfare of the child.
Mr. Creech is now working in Vera Cruz, Mexico. Because of the expense and difficulty involved in traveling to the States, he was virtually unable to visit his children one weekend each month, as was originally provided for in the judgment of divorce. The trial judge concluded: “Therefore, the Court felt that the best interest of the children would be served and fairness would prevail upon the part of all parties if a summer visitation period was increased from two weeks to five weeks . . . .” By enabling meaningful visitation with their father, this arrangement could be more beneficial to the children.
Under the original visitation decree, the defendant had visitation rights of one weekend per month, the last week in December, and two weeks in the summer. The essence of the judge’s present ruling was to grant three additional weeks of summer visitation in lieu of weekend visitation. As stated above, in the McDonald case, we let stand a visitation grant giving the father four weeks during the summer, five days at Christmas, and weekend visitation, which resulted in a total of 81 days. Under the circumstances presented in this case, the visitation award gives Mr. Creech approximately six weeks (45 days) with his children and does not amount to “split or divided” custody. Further, there has been no showing that the period allowed is of such duration as to cause confusion among the children as to parental authority. Poole v. Poole, 270 So.2d 215 (La.App. 1st Cir. 1972).
Mrs. Creech indicated concern over the possibility that Mr. Creech might not return the children once they were removed from the United States. Recognizing this potential problem, the district court mandated that Mr. Creech post a $5,000.00 bond before taking the children to Mexico. We appreciate the worries of the appellant, however, under the original visitation grant, Mr. Creech had the children for the last week of December and two weeks in the summer. This time would have been sufficient to remove the children to Mexico if appellee had intended to do so. Under the present decree, appellant is given more protection with the posting of a bond, which would be forfeited if the children are not returned timely.
There has been no showing of error or abuse of discretion on the part of the trial judge.
For the above reasons, the judgment is affirmed at appellant’s costs.
AFFIRMED.

. The statement of facts was prepared and signed by the trial judge at appellant’s request, pursuant to La.C.C.P. Art. 2131.