DOUCET, Judge.
This is an appeal from a judgment on a rule granting the plaintiff-in-rule, Randy Paul Woods, a modification of his visiting privileges with his minor daughter. Woods and the defendant-in-rule, Dean Marie Woods, were divorced by a judgment of the district court rendered on October 26, 1978. Defendant was awarded the custody of the minor child of the marriage, Tasa Kay Woods, and plaintiff was ordered to pay $117.00 per month for her support. The judgment also awarded plaintiff the right to visit with the child every other Sunday between the hours of 9:00 A.M. and 5:00 P.M.
On August 24, 1979, plaintiff filed this motion, seeking an increase in the amount of time that he is allowed to spend with the child. Following a hearing, judgment was rendered in his favor, increasing the visitation periods to from 12:00 Noon Saturday until 5:30 P.M. Sunday, every other weekend until December 7, 1979, when the time was further increased to from 6:30 P.M. Friday until 5:30 P.M. Sunday, every other weekend. Defendant has appealed, asserting that the trial court erred in increasing the length of the visitation periods.
The paramount consideration in determining visitation rights is the welfare of the child. If an appellant fails to show that the provisions of the trial court’s award of visitation rights would be detrimental to the health and welfare of the child, the judgment will be affirmed. Johnson v. Johnson, 357 So.2d 69 (La.App. 4th Cir. 1978); Doherty v. Mertens, 326 So.2d 405 (La.App. 3rd Cir. 1976).
Defendant testified that plaintiff is not capable of caring for the child over the *961 period of a weekend. However, we find nothing in the record to support her opinion. At the time of the hearing, the child was three years old and in good mental and physical health. Although plaintiff was recovering from the effects of a serious accident, which impaired his physical coordination and his speech, the evidence did not show that his disability was such that it would prevent him from caring for the child. Since the time of the accident, plaintiff has remarried, purchased a home, and has been employed on a regular basis.
Defendant also introduced the testimony of Dr. William Hawkins, a psychologist, who had examined and evaluated the child. Dr. Hawkins testified that a gradual establishment of a relationship between the child and plaintiff would be better for the child. However, his opinion was based largely on a history supplied by defendant. Defendant had informed him that plaintiff had taken no interest in the child for a period of a year. Plaintiff testified, however, that he had frequently tried to see the child and had been denied access to her by defendant and her second husband. Although it does appear that as of the date of the trial of this matter, the child did not fully understand that plaintiff was her natural father, we do not believe that that situation resulted from plaintiff’s lack of interest in establishing a relationship with the child.
Dr. Hawkins testified that learning to distinguish her natural father from her step-father would be in the child’s best interests. At the time of the hearing, defendant and her husband were not attempting to encourage a relationship between plaintiff and the child. Under those circumstances, we believe that the trial judge’s order increasing plaintiff’s visitation rights was clearly in the child’s best interests and not an abuse of his discretion.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant-appellant.

AFFIRMED.