415 So.2d 321 (1982)
Diana Carpenter GOODE (Jones), Plaintiff-Appellant,
v.
Robert Harding GOODE, Jr., Defendant-Appellee.
No. 14868.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1982.
Bruscato, Loomis & Deal by Anthony J. Bruscato, Monroe, for plaintiff-appellant.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for defendant-appellee.
Before HALL, MARVIN and SEXTON, JJ.
MARVIN, Judge.
In this latest continuation of a dispute which began in 1976 over custody and visitation with respect to their now 11-year-old daughter, the mother appeals a judgment which orders the child, contrary to the desire of both the mother and the child, to visit with her father for five days after Christmas 1981 and for two weeks in June 1982.
This judgment was signed in September 1981 and has not become moot as to the June 1982 visitation period.
A social worker-child counselor and a psychologist recommended to the trial court that the father's visitation privileges be terminated because the enforcement is causing *322 the child serious emotional damage, bordering on psychosis. The mother contends the trial court abused its discretion by ordering visitation under these circumstances.
In reasons assigned, the lower court effectively stated that the mother, by allowing her animosity toward the father to continue unchecked and by using the child as a weapon against the father, was abusing the child and was causing the emotional turmoil. The trial court noted that some of the observations of the experts were not to the contrary.
In custody disputes between parents, the paramount concern, as the trial court correctly observed, is the best interest of the child. Visitation is an adjunctive custodial relationship, the control of which lies within the discretion of the trial court. CC Art. 157. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Johnson v. Johnson, 357 So.2d 69 (La.App. 4th Cir. 1978), writ refused. This discretion includes the weight to be given opinion evidence in determining the degree of visitation, if any, which shall be ordered.
This record shows that the trial judge has been involved in this continuing dispute since December 1978 and is familiar with the dispute and the parties since it arose in 1976. Before the last hearings resulted in the judgment appealed, the trial judge had other hearings on some of the rules relating to visitation which were filed after December 1978 on the dates of February 12 and March 5, 1979; October 28, 1980; and February 17, February 27, and April 16, 1981.
The conclusions and findings of the trial court are reasonably supported by evidence and we do not find that the trial court abused its discretion. For reasons assigned below, which we adopt, and at appellant's cost, we AFFIRM the judgment appealed.