COVINGTON, Judge.
This matter involves a claim for visitation privileges by maternal grandparents, John and Doris Chadwick, who intervened in the divorce action of Harold Joe Clary against their daughter, Johnnie Elizabeth Chadwick Clary. After custody of the minor children, Cary Chadwick Clary and Amy Beth Clary, had been awarded to the father, the inter-venors moved for visitation privileges pursuant to LSA-R.S. 9:572(A).[1]
The children involved were ages 17 and 11 years at the time of the hearing. They have been in the custody of their father since October 1, 1976, with their mother having the right of visitation for one weekend a month on the second weekend of each month at the home of the maternal grandparents from 6:00 o’clock p.m. Friday until 6:00 o’clock p.m. Sunday. After hearing, the trial judge denied visitation on behalf of the maternal grandparents.
The paramount consideration in determining visitation privileges is the welfare of the children. Woods v. Woods, 386 So.2d 959 (La.App. 3rd Cir.1980). As such, the trial court is vested with a broad discretion in fixing visitation privileges, and its decision will not be disturbed in the absence of an abuse of discretion. Reavill v. Reavill, 370 So.2d 175 (La.App. 3rd Cir.1979).
Finding no abuse of discretion in the trial court’s ruling,[2] we affirm the judgment of the trial court at appellant’s cost.
AFFIRMED.

. LSA-R.S. 9:572(A) provides:
If one of the parties to a marriage dies, or the obligation to live together is terminated by an action of separation from bed and board or the marriage is terminated by divorce, and there is a minor child or children of such marriage, the parents of the deceased, or separated or divorced party without custody of such minor child or children, may have reasonable visitation rights to the child or children of the marriage during their minority, if the court in its discretion finds that such visitation rights would be in the best interest of the child or children.

. Because appellant has not caused the testimony taken at the hearing on the visitation privileges of the grandparents, to be transcribed, we can only assume from the trial court’s judgment that the evidence heard by that court supports its factual conclusion that such visitation privileges would not be in the best interests of the children.