# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-200


## SUCCESSION OF SANDRA JEAN DEAL


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 21170
HONORABLE JAMES R. MCCLELLAND, DISTRICT JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Marc T. Amy, J. David Painter, and Phyllis M. Keaty, Judges.


**Amy, J., dissents and assigns reasons.**

**REVERSED.**

**Lewis H. Pitman, Jr.**
**Pitman Broussard**
**209 West Main Street**
**New Iberia, Louisiana 70560**
**(337) 365-3800**
**Counsel for Appellee:**
      **Succession of Sandra Jean Deal**

**Frank E. Barber**
**Attorney at Law**
**116 Field Street**
**New Iberia, Louisiana 70560-4487**
**(337) 256-8370**
**Counsel for Appellant:**
      **Carolyn Deal**

**KEATY, Judge.**

Carolyn D. Deal (Carolyn) appeals from a judgment of eviction. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

Carolyn is a surviving half-sibling of Sandra Jean Deal (Sandra or the Decedent), who died intestate on February 13, 2011. The Decedent was also survived by her parents, Clarence Davis and Anna Belle Deal (Anna); however, she was never married, and she had no descendants.[1]

On April 7, 2011, Anna was confirmed as administratrix of the Succession of Sandra Jean Deal (the Succession). In that capacity, Anna filed a detailed descriptive list in September of 2011. Among the assets listed was the immovable property located at 2104 Cherry Palm Circle in New Iberia, Louisiana (the home), upon which sat the home where Sandra resided at the time of her death. Anna also filed a petition for authority to execute a real estate listing agreement for the home wherein she alleged that it was necessary to sell the home in order to pay the debts and expenses of the Succession. The trial court signed an order on September 26, 2011, authorizing Anna to execute the listing agreement. Thereafter, Carolyn filed a motion for new trial/reconsideration of the September 26, 2011 order along with an opposition to the descriptive list. The trial court signed an order setting a rule to show cause on Carolyn's motion. According to the court minutes dated October 21, 2011, when the matter came for hearing, however, the trial court granted the motion for new trial and postponed trial on the merits to be refixed by later motion.

---

[1] In addition to Carolyn, the Decedent was survived by half-siblings Lavernne Raby and Todd Davis.

On April 4, 2012, Anna, in her capacity as Succession administratrix, filed a rule to evict Carolyn from the home. She alleged therein that Carolyn had refused to vacate and surrender the premises despite having been provided with a letter dated September 15, 2011, terminating her continued occupancy of the home and ordering her to surrender its possession by September 30, 2011. The letter also indicated that her failure to vacate would result in the filing of an eviction proceeding against her. Anna also alleged that the Succession lacked sufficient funds necessitating sale of the home. The rule for eviction was set for April 16, 2012. Three days before the scheduled hearing, Carolyn filed an answer to the rule for eviction in which she denied the facts alleged therein. At the start of the eviction hearing, Carolyn's counsel filed a petition to disqualify and remove Anna as the administrator of the Succession as well as a reconventional demand wherein she challenged Anna's authority and ability to represent the fiduciary interests of the heirs of the Succession. Following the conclusion of the hearing, the trial court granted the rule for eviction in open court.[2] Later that day, Carolyn filed, and the trial court granted, a motion for suspensive appeal from the judgment of eviction. The written judgment of eviction was not signed until February 11, 2013.

Carolyn assigns two errors on appeal. First, she asserts that the trial court erred in finding that the Succession was the owner of the home and that the administratrix had authority to evict her. Second, she asserts that the judgment of eviction was prematurely rendered because of the pendency of three outstanding motions.

---

[2] No transcript was made of the eviction hearing.

**DISCUSSION**

> [Louisiana Code of Civil Procedure Article] 3191 . . . provides, in part, that a succession representative is "a fiduciary with respect *to the succession*" and "shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law." (Emphasis added.) Further, the succession representative "shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act." LSA-C.C.P. art. 3191. Since "the succession" is "the *transmission of the estate* of the deceased to his successors," as defined in LSA-C.C. art. 871, then, logically, it follows that part of the succession representative's fiduciary duty is to transmit property contained in the deceased's estate to his heirs. (Emphasis added.)

*Matthews v. Horrell*, 06-1973, p. 18 (La.App. 1 Cir. 11/7/07), 977 So.2d 62, 75 (footnote omitted).

In *Coon v. Miller*, 175 So.2d 385 (La.App. 2 Cir. 1965), the second circuit set aside and reversed a judgment ordering the defendant, surviving spouse of the decedent, to vacate the family home in which she had been living prior to decedent's death, in conjunction with an action for eviction filed by the administrator of the decedent's succession. Prior to filing the eviction, the administrator obtained a default judgment against the defendant in the amount of $1,920 for rent of the home accruing since the decedent's death. After noting that defendant, "as surviving widow in community with the deceased," was the owner of an undivided one-half interest in the home, the court concluded that "a co-owner cannot be divested of possession by an action of eviction." *Id.* at 386-87. The court reiterated that "the rights of co-owners to possession of property [are] equal and coextensive," and that "[a] co-owner deprived of the possession and benefit of property has a remedy by a suit for partition." *Id.* (citing *Juneau v. Laborde*, 82

3

So.2d 693 (La.1955);[3] *Moreira v. Schwan*, 37 So. 542 (La.1904); and *Arcemont v. Arcemont*, 162 So.2d 813 (La.App. 4 Cir. 1964)). Upon the administrator's application for certiorari or writ of review in *Coon*, the supreme court refused the writ, stating: "On the facts found by the Court of Appeal the result is correct." *Coon v. Miller*, 176 So.2d 145 (La.1965).[4]

More recently, in *Matthews*, the provisional administratrix of the succession of Edward Horrell, Sr. (the succession) filed a rule to evict against Walter Horrell and his wife, Edna, (collectively referred to as Walter) alleging that they were occupying a house in Covington, Louisiana (the property) that was owned by the succession.[5] Walter was one of five of Edward Horrell's (the decedent's) adult children. According to a detailed descriptive list filed shortly after decedent's death, he died owning certain separate immovable properties, including the property located in Covington. Walter, who happens to be an attorney, responded to the rule to evict by filing exceptions and an answer, wherein he denied that he was an occupant of the property, instead asserting that he was a legal possessor with an ownership interest in the property. He asserted that because he had a real right in the property "that could only be resolved through an ordinary proceeding and not a summary . . . proceeding such as the action for eviction." *Id.* at 71.

---

[3] In *Juneau*, the supreme court recognized the "the co-owner who takes possession of the common property does not have to account to his coproprietor, because the right of occupancy is vested in him by virtue of his ownership." *Juneau*, 82 So.2d at 696.

[4] To the extent our holding in *Simpson v. Colvin*, 138 So.2d 438 (La.App. 3 Cir. 1962) conflicts with the law as later espoused by the Louisiana Supreme Court in *Coon*, 176 So.2d 145, it is overruled.

[5] The succession has been the subject of protracted litigation since Edward Horrell's death in 1993. This appeal will only discuss those facts relevant to the issues presented in this appeal. See *In re Succession of Horrell*, 11-194, 11-195 (La.App. 4 Cir. 11/30/11), 79 So.3d 1162; *In re Succession of Horrell*, 07-1533 (La.App. 4 Cir. 10/1/08), 993 So.2d 354; *Matthews v. Horrell*, 06-1973 (La.App. 1 Cir. 11/7/07), 977 So.2d 62; *Succession of Horrell*, 97-2115 (La.App. 4 Cir. 3/25/98), 709 So.2d 1069; and *Succession of Horrell*, 95-1598, 95-1599 (La.App. 4 Cir. 9/11/96), 680 So.2d 725, for a more extensive discussion of the facts of that litigation.

4

Walter also contended that the rule for eviction was premature. Following a hearing, the trial court granted the rule and signed a judgment of eviction. According to the oral reasons for judgment, the trial court determined that good cause to evict Walter existed because of his failure to cooperate in the appraisal of the property and the movable property thereon, coupled with the "extremely protractive nature" of the litigation. *Id.*

Walter appealed, and the first circuit reversed, holding that because the provisional administratrix failed to prove that the purpose of Walter's occupancy of the property as an owner thereof had ceased, he was not subject to being evicted. In so doing, the court found that the provisional administratrix was mistaken in her claim that the succession owned the property. *Matthews*, 977 So.2d 62. To the contrary, the court reasoned that, despite "the succession representative's fiduciary duty is to transmit property contained in the deceased's estate to his heirs," the succession representative in that case "seeks to do the opposite; i.e., to divest succession property from the decedent's heir who has a one-fifth ownership interest therein." *Id.* at 75. Relying on *Coon*, the court affirmed the notion that "a co-owner cannot be divested of possession by an action of eviction." *Id.* at 76 (quoting *Coon*, 175 So.2d at 387). Finally, the *Matthews* court concluded that the Louisiana Code of Civil Procedure dictated that "questions regarding the ownership of immovable property or the right to possession of immovable property were not intended by the legislature to be litigated in eviction proceedings." *Matthews*, 977 So.2d at 77. As a result, the first circuit reversed the judgment ordering Walter's eviction and remanded the matter to the trial court with instructions that the suit be dismissed.

5

In the instant case, the administratrix concedes that Carolyn is a naked owner of the home. Because Carolyn possesses the home as an owner, we conclude that the trial court erred in granting the administratrix's motion to evict her in a summary proceeding because she has a real right in the property that must be challenged via an ordinary proceeding. Accordingly, the judgment of eviction is reversed, and we need not address Carolyn's claim that the eviction was rendered prematurely.

## DECREE

For the forgoing reasons, the judgment of the trial court ordering that Carolyn Deal be evicted from the immovable property located at 2104 Cherry Palm Circle in New Iberia, Louisiana is reversed. All costs of this proceeding are assessed against the Succession administratrix personally. *See* La.Code Civ.P. art. 3191.

**REVERSED.**

NUMBER 13-200

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


SUCCESSION OF SANDRA JEAN DEAL


AMY, J., dissenting.

I respectfully disagree that a reversal is required in this case. Rather, I find the jurisprudence on this point fact specific and dependent upon circumstances not present here. In my opinion, this matter must be resolved by application of La.Civ.Code art. 938(B), which states that: "If a successor exercises his rights of ownership after the qualification of a succession representative, the effect of that exercise is subordinate to the administration of the estate." The record indicates that the administratrix in this case demonstrated to the trial court's satisfaction that the liabilities of the succession exceeded its assets. Thus, it seems to me that a motion for eviction, within the confines of the succession, was within the administratrix's authority.

Accordingly, I would affirm the trial court's ruling.