293 So.2d 628 (1974)
Francisca Indiana Virgil LARROQUETTE
v.
Theron John LARROQUETTE.
No. 6158.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
Rehearing Denied May 10, 1974.
William F. Wessel, New Orleans, for plaintiff-appellant.
Ralph L. Barnett, Gretna, for defendant-appellee.
Before SAMUEL, REDMANN and LEMMON, JJ.
LEMMON, Judge.
The principal issue in this post-divorce litigation is the extent of visitation privileges which should be allowed Theron Larroquette with his minor daughter, who was eight years old at the time of trial.
Larroquette and his former wife separated in early 1970. The wife obtained a judgment of separation several months thereafter, and in October, 1971, she obtained a divorce judgment, which awarded custody and child support, but was silent as to visitation privileges.
*629 After Larroquette and his former wife first separated, he freely exercised visitation privileges, usually taking the child on a weekend from Friday night until Sunday night. However, the former wife testified that, about the time she remarried in December, 1972 (and became Mrs. Samuels), the child began to come home from weekend visitation in an upset condition. For this reason, which she attributed to the child's sleeping in the same bed with Larroquette and his concubine, and also because Friday evenings and Sundays were important family times with her new husband and his own daughter, Mrs. Samuels limited visitation to Saturdays from 10:00 a. m. to 10:00 p. m.
Alleging that he had been refused overnight visitation since May, 1972, and that he had been refused visitation altogether since June, 1973, Larroquette filed this rule in September, 1973 to set visitation, including overnight visits on weekends. Mrs. Samuels opposed the rule, primarily on the basis that Larroquette was living in open concubinage, and also filed separate rules to make past due support payments executory and to increase child support.
At the trial Larroquette admitted he was living in open concubinage. Furthermore, although Mr. and Mrs. Samuels had provided a child's bedroom set for Larroquette's second bedroom, he had the child of relatively tender age sleep with him and his concubine. Then at the trial he finally conceded that he would have the concubine out of the house on visitation weekends.
Mr. Samuels also testified that the child required special schooling, because extensive testing had revealed she had three learning disabilities, and that when Larroquette belittled the special schooling and made the child read into a tape recorder, the child came home very upset. Larroquette did not deny these alleged actions on rebuttal.
The trial judge awarded Larroquette visitation privileges on every Saturday, with overnight privileges every other week, on the condition that the visitation be exercised in his household only in the absence of his concubine or any person other than relatives. Mrs. Samuels appealed.
A divorced father is ordinarily entitled to visitation with his minor child, when custody has been awarded to the mother. However, this right may be regulated, limited or completely taken away by the court when the father's conduct in exercising the right could injuriously affect the child. Jacquet v. Disimone, 175 La. 617, 143 So. 710 (1932); Shipp v. Shipp, 183 La. 1025, 165 So. 189 (1935). The standard for determining the right to and extent of visitation privileges, as in other cases involving parental relationship with a child, is the welfare of the child, and parental rights must yield when the exercise of the right is not in the child's best interest.
We agree with the trial judge's conclusion that it is not in the best interest of a child below the age of puberty to allow visitation in the home of her father who is living in open concubinage, especially when the father, concubine and daughter share the same bed on overnight visits. However, we disagree that visitation in the father's home should be awarded on a conditional basis.
In our opinion the child's moral and emotional welfare dictates that no visitation be allowed in Larroquette's home, where he maintains his illicit relationship on a permanent basis. The temporary, hypocritical removal of the concubine at visitation time does not change the fact that his apartment is a place of permanent concubinage, rather than a respectable place of residence.
Our basic consideration is to prevent the undermining of the child's respect for the family institution. This court would not award custody to a father who has a concubine living in his place of residence. Since visitation privileges are in effect an award of limited custody, we must apply the same consideration to visitation awards.
*630 Although Larroquette has used poor judgment in the past, he apparently has maintained a good basic father-daughter relationship and should not be denied visitation altogether. However, until circumstances in Larroquette's home change, we restrict his visitation privileges with his minor daughter to places outside of his home. We therefore further restrict visitation by disallowing overnight visits.[1]
As to child support, the trial judge made the arrearage executory and, in the face of that $1,450.00 judgment, declined to increase child support.
The original award was $90.00 per month. The child's needs were especially high because of her learning disabilities. The father earned approximately $300.00, net, every two weeks at his regular job. He also undertook an additional job, earning almost $100.00 per week, in order to catch up the arrearage.
Under these circumstances we conclude the trial judge did not abuse his discretion in refusing to increase child support at this time.
For these reasons, the judgment of the trial court is amended to allow visitation on Saturdays between the hours of 10:00 a. m. and 10:00 p. m., outside of Theron Larroquette's home. As amended, the judgment is affirmed.
Amended and affirmed.
SAMUELS, J., dissents and assigns reasons.
SAMUEL, Judge (dissenting with written reasons).
I feel the majority opinion and decree reach an incorrect result. The judgment appealed from allowed the child to be with the father every other Saturday between 10 a. m. and 10 p. m. and every other weekend between 10 a. m. Saturday and 8 p. m. Sunday. The majority decree eliminates overnight visitation and requires that the permitted visitation take place only outside of the father's home.
The mother's complaint is threefold as it relates to the problem before us. She contends all visitation should be disallowed because of: (1) the presence of the concubine; (2) the behavior of the child after visitation; and (3) the objections to the father's attitude towards the child's learning problems.
I cannot see how complaints two and three, which appear to me to be strained with the factual basis sought to be established only by the self-supporting testimony of the mother and her present husband, can affect the conclusion of the majority in view of the fact that the same objections prevail with regard to visitation other than overnight; if these two objections are valid despite what I believe was the opposite conclusion of the trial judge, logically daytime visitation, which the majority permits, also should be disallowed.
The first objection is amply taken care of by the limitation placed in the judgment by the trial court, i. e., that the concubine would not be present in the household when the child visited the father during either day or night visitation. As a violation of that limitation, a matter easily discoverable by the mother, could result in loss of all of the father's visitation privileges, the trial court's action was entirely proper and certainly no abuse of discretion. By that action he gave the father, and the child, an opportunity to see and know each other and at the same time he protected the child.
A trial court's rulings regarding visitation following a separation or divorce are quite different from the vast majority of appealed cases. The appellate court's decision is not final and the trial court is obliged to act further when the circumstances change. The trial judge's obligation is a particularly difficult one which can and frequently does require attention on many occasions during the child's minority. *631 We should not interfere with the exercise of his broad discretion in these matters in the absence of a clear abuse of that discretion. In my opinion no such abuse can be found here.
As I would affirm the trial court judgment in its entirety, I respectfully dissent from that portion of the majority decree which amends regarding visitation.

On Application for Rehearing
Before SAMUEL, REDMANN and LEMMON, JJ.
PER CURIAM.
Mrs. Samuels has applied for a rehearing on the issue of increasing child support.
In our original opinion we did not intend to condone a parent's preventing an increase in child support by intentionally creating an arrearage. Nevertheless, the trial judge is in the best position to determine if the parent is trifling with the court. In this case we find no abuse in the discretion exercised by the trial court.
The application is denied.
NOTES
[1] We note that Larroquette's mother enjoys a close relationship with the child, and perhaps overnight visitation in her home would be appropriate, if approved by the trial judge.