EDWARDS, Judge.
Louis David Porche appeals a judgment of the trial court which awarded his divorced wife, Jacquelyn Turner Porche, the sum of $150 per month as child support for their minor son, Louis David Porche, Jr.
The contention on appeal is that the trial court erred in awarding the child support from November 7, 1977, in accordance with a previous stipulation of counsel, rather than from the date of judgment, September 12, 1978.
These two cases were consolidated prior to trial. The first case was a suit for separation from bed and board filed by Mr. Porche on April 23, 1974. Mrs. Porche answered and reconvened seeking child support for their minor child. Subsequently, Mrs. Porche filed the second suit on May 31, 1977, seeking inter alia a judgment of divorce.
A hearing was held on the consolidated cases on November 7,1977. At the hearing, counsel for Mr. Porche informed the court that the parties wished 1) to dismiss the separation suit, 2) to maintain the recon-ventional demand for child support, and 3) to submit evidence on the suit for divorce. Counsel for Mr. Porche stated:
“And at this hearing, there will be no evidence offered with regard to child support, but, by stipulation, we will appear to contest child support at a later date, and by consent make that retroactive to today.”
The judgment of divorce expressly reserved Mrs. Porehe’s right “to have the amount of the child support fixed at a later date”. No appeal was taken from this judgment.
On July 18, 1978, Mrs. Porche petitioned the trial court to fix the amount of child support. At the hearing on August 2, 1978, counsel reminded the court that it had been stipulated that child support would be made retroactive to November 7, 1977. The judgment awarding child support in the amount of $150 recognized and incorporated the stipulation by making the award due from November 7, 1977.
The record in this case clearly demonstrates that counsel for both parties agreed and stipulated on two separate occasions that the award for child support should begin as of November 7, 1977.
A hearing was held on the issue of child support on August 2, 1978, at which time the needs of the child and the ability of Mr. Porche were determined. Thereafter, the trial court fixed the amount due for child support and commenced the payments from the date agreed upon by both parties, November 7,1977. We do not find that this was error. A trial court is allowed discretion in determining the time alimony and child support awards shall begin. Richard v. Richard, 359 So.2d 696 (La.App. 1st Cir. 1978); Vetter v. Vetter, 299 So.2d 899 (La. App. 2nd Cir. 1974).
Regarding the amount of the award, we believe that such is supported by the record and well within the much discretion afforded trial courts in setting child support.
For the above reasons, the judgment appealed is affirmed at appellant’s cost.'
AFFIRMED.