391 So.2d 48 (1980)
Judith Anne Hoover GOWINS, Plaintiff-Appellant,
v.
Carroll E. GOWINS, Defendant-Appellee.
No. 7889.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1980.
*49 Luse & Lee, Donna W. Lee, Hoover & Wade, Robert D. Hoover, Baton Rouge, for plaintiff-appellant.
Gravel, Robertson & Brady, Robert L. Royer, Alexandria, for defendant-appellee.
Before FORET, DOUCET and LABORDE, JJ.
FORET, Judge.
This action arises out of a rule to show cause wherein plaintiff-in-rule, Carroll Gowins, sought to have specified visitation rights with his children. His wife, Judith Gowins, was made the defendant-in-rule.
The trial court rendered judgment in favor of Carroll Gowins, and Judith Gowins has appealed.
Judith Gowins (appellant) filed suit on July 2, 1979, seeking a separation from Carroll E. Gowins (appellee) on the grounds of cruel treatment. Appellee is a major in the United States Air Force, stationed in South Dakota. The appellant sought, and subsequently obtained, the permanent care, custody, and control of the three minor children born of the marriage. The three children, Wendy, Michelle and Jennifer are 16, 12 and 9 years of age, respectively.
The trial court, in that proceeding, granted appellee reasonable visitation rights to be exercised in the home of the appellant's parents, where she was residing at the time. This arrangement was made by stipulation of the parties.
Carroll Gowins then filed the present rule to show cause on November 16, 1979. The trial court ordered the appellant to show cause why appellee should not be awarded specified visitation rights during the 1979 Christmas holiday season and in the future, generally, which rights may be exercised out of the presence of appellant or her parents. The trial court held a hearing on this rule on March 17, 1980, and rendered the following judgment, which reads, in pertinent part, as follows:
"IT IS ORDERED, ADJUDGED, AND DECREED that with respect to each child, visitation rights for the children are to be with their father, Carroll E. Gowins, at a place selected by him, one weekend per month, with two weeks during the summer, in South Dakota, or wherever the father may select, and also each alternate Christmas season, commencing with the 1980 Christmas season, to commence at 12:00 o'clock noon on December 23, 1980, and terminate at 12:00 o'clock noon on December 26, 1980. The weekend visitations will commence at 5:00 o'clock p.m. on Friday, and terminate at 6:00 o'clock p.m. on Sunday, commencing the weekend of March 22-23, 1980, except that with respect to the commencing weekend, the visitation rights will commence at 12:00 o'clock noon on Saturday, March 22, and terminate at 6:00 o'clock p.m. on March 23, 1980.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with the exception of the weekend of March 22-23, 1980, the father should give a two-week's notice in advance to the mother of his visitation intentions, and the mother will have the responsibility of keeping the father advised with respect to her correct mailing address."
It is well settled that the paramount consideration in determining visitation rights following a separation or divorce is the welfare of the child. Reavill v. Reavill, 370 So.2d 175 (La.App. 3 Cir. 1979); Johnson v. Johnson, 357 So.2d 69 (La.App. 4 Cir. 1978), writ denied, 359 So.2d 197 (La. 1978). As such, the trial court is vested with a broad discretion in its award of visitation privileges to a parent. Reavill v. Reavill, supra; Spencer v. Spencer, 273 So.2d 605 (La.App. 4 Cir. 1973). The award of the trial court will not be disturbed on review absent an abuse of that discretion, a specific finding that the physical health, emotional stability or moral well being of a child is adversely affected, or that the visitation is tantamount to a division of custody. Spencer v. Spencer, supra.
*50 Appellant argues that the judgment of the trial court allowed the appellee to visit one, two, or all three of the children during the specified visitation, thereby dividing the children during that period of time which amounts to prohibited divided custody. The appellant cites a number of cases which it feels point out the error of the trial court. We have examined these cases and find that none are apposite to the case at bar. We find no merit to this contention by appellant either in fact or in law.
We likewise find no merit to appellant's argument that the father should be denied visitation rights of his children because of an emotional problem. There is no medical evidence whatsoever in the record to support that contention.
Finding, not only that there is no manifest error in the trial court's ruling, but on the contrary, such judgment to be justified, we affirm the judgment of the trial court.
All costs of this appeal are assessed against plaintiff-appellant, Judith Anne Hoover Gowins.
AFFIRMED.