GRISBAUM, Judge.
This case is concerned with visitation rights of a divorced father. A rule was filed on November 18, 1980 by the appellant, Roland Adam Perez, requesting that he be granted the right to visit his minor son, Troy Perez.
Mr. Perez and his ex-wife, Dianne Simo-neaux, were separated in May 1976. After that time he visited the child at his mother’s home. Roland and Dianne were divorced in July of 1978, and Dianne was given custody of their minor son, Troy. The divorce decree was silent as to visitation. Mr. Perez, in fact, visited his son several times prior to Dianne’s remarriage in July 1978. He has not visited his son since that time. After hearing the testimony of both parents, the paternal grandmother, and an expert psychiatrist, the trial court denied the motion to visit finding that visitation by Mr. Perez was not in the best interest of Troy Perez. We affirm.
The question before this court is whether the trial court abused its discretion in denying visitation to a divorced father. We recognize that a divorced father is ordinarily entitled to visitation with his minor child. However, this right can be limited or denied by the court when visitation could injuriously affect the child. Larroquette v. Larroquette, 293 So.2d 628, 629 (La.App. 4th Cir. 1974). What is in the best interests of the child is the standard by which to determine visitation privileges. Gowins v. Gowins, 391 So.2d 48, 49 (La.App. 3rd Cir. 1980); Reaviil v. Reavill, 370 So.2d 175, 177 (La.App. 3rd Cir. 1979); Johnson v. Johnson, 357 So.2d 69, 72 (La.App. 4th Cir. 1978). Parental rights must yield when the exercise of the right is not in the child’s best interest. Larroquette, 293 So.2d 628, 629.
After review of the evidence presented at trial, we agree with the trial court’s determination that it is not in the best interest of ten-year old Troy Perez for his father to visit him.[1] The trial court is given broad discretion in making this deter *745 mination, and its judgment of the facts is entitled to great weight, and as a general rule the decision of the trial court will not be disturbed unless there is evidence of an abuse of the trial court’s discretion. Johnson v. Johnson, 214 La. 912, 39 So.2d 340, 343 (1949); Gowins v. Gowins, 391 So.2d 48, 49; Pate v. Pate, 348 So.2d 1338, 1339 (La.App. 3rd Cir. 1977); Spencer v. Spencer, 273 So.2d 605, 607-08 (La.App. 4th Cir. 1973). We find no such abuse. The trial court was impressed with the expert psychiatrist’s opinion. On cross examination, the psychiatrist testified that Troy had expressed fears of being battered by his father since he had seen violent actions of his father toward his mother. The psychiatrist noted physical and emotional symptoms of anxiety in Troy namely depression, stomach pains, inability to sleep, decline in his school performance, and nervousness. The psychiatrist concluded that it was not in Troy’s best interest to visit with his father.
After careful review of the entire record, we do not find that the trial court erred in denying visitation under the circumstances of this case. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.

. We note that at anytime in the future Mr. Perez can file a new rule for visitation and present evidence to show that circumstances have changed.