AUGUSTINE, Judge.
Frederick Billiot appeals from a judgment limiting visitation with his two minor children. Jean Giglio, wife of appellant, filed a petition for separation from bed and board which included a prayer for permanent custody of the children. On October 23, 1981, she was awarded a sum for child support, permanent care, custody and control of their minor children subject to reasonable visitation by Mr. Billiot. A default *239 judgment wak rendered in favor of Ms. Giglio decreeing a separation a mensa et thoro.
In December, 1981, Mr. Billiot petitioned the court to fix visitation, alleging that Ms. Giglio had refused reasonable visitation with his two daughters. After testimony by both parties, the judge set visitation with the condition that Mr. Billiot not take the children into the presence of any woman not his wife. It is to this provision that Mr. Billiot objects, contending that in the absence of any showing of detriment to the children, the lower court is without authority to place such restrictions on visitation and, further, that the ruling is contrary to current societal mores and jurisprudence.
The paramount consideration in determining visitation rights following a separation or divorce is the welfare of the child. Johnson v. Johnson, 357 So.2d 69 (La.App. 4th Cir.1978), writ denied, 359 So.2d 197 (La.1978). Parental rights must yield when the exercise of the right is not in the child’s best interest. Larroquette v. Larroquette, 293 So.2d 628 (La.App. 4th Cir. 1974). In Larroquette, this court held that bringing an eight year old into the presence of the father’s concubine was not in the best interest of the child. This court, therefore, denied overnight visitation and even restricted daytime visitation to take place outside the home.
In the present case, Mr. Billiot testified that he lives with a woman whom he plans to marry.' Ms. Giglio felt visitation with the children in this atmosphere would not be conducive to the girls’ moral welfare. The trial judge agreed and restricted the circumstances under which the father could exercise his visitation privileges. The trial court’s fundamental consideration, as it was in Larroquette was to prevent the undermining of the children’s respect for the family institution. We agree with the trial court’s reasoning. However, the order as rendered is overbroad and must be amended.
The order, as framed, could be interpreted to prevent visitation from taking place in the presence of church members, school teachers and even close relatives such as Billiot’s mother. A reading of the trial judge’s reasons for judgment discloses this was not his intention. For the foregoing reasons, the judgment of the trial court dated December 19, 1981, paragraph five only, is amended to read as follows:
A specific provision of this judgment is that he is not to take the children in the company of any female with whom he is living and to whom he is not married.
AFFIRMED IN PART. AMENDED IN PART.