422 So.2d 734 (1982)
Donald Ray MOREAU, Plaintiff and Appellant,
v.
Margaret Brown MOREAU, Defendant and Appellee.
No. 82-312.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1982.
Donald D. Landry, of Perrin, Landry, DeLaunay & Durand, Lafayette, for plaintiff-appellant.
Pucheu, Pucheu & Pucheu, Jacque B. Pucheu, Jr., Euniee, for defendant-appellee.
*735 Before DOUCET, LABORDE and YELVERTON, JJ.
DOUCET, Judge.
This appeal comes before this Court from the Twenty-seventh Judicial District Court for the parish of Saint Landry, and involves alimony pendente lite, child support and visitation rights.
Donald Ray Moreau and Margaret Brown were married in 1970. To the marriage there were born four children: Cherie, now aged ten; Jeanne, eight; Patricia, five; and Douglas, three. Unfortunately, the parents of these children encountered marital difficulties and separated on the 4th day of February, 1982, when Donald Moreau left the family home. He subsequently filed suit for separation, alleging cruel treatment of him by his wife. She in turn reconvened, alleging abandonment and cruel treatment. The cruel treatment alleged by the wife included averments of Donald Ray Moreau "constantly keeping company with another woman." Because Mrs. Moreau believed her husband to be keeping company with another woman, she requested the trial court to restrict his visitation rights with his children. (Custody was not at issue, both parties agreeing the children should be with their mother.) Mrs. Moreau also asked the court to award her, as alimony pendente lite and child support, the sum of One Thousand Five Hundred Dollars per month.
Both parties submitted to the trial court affidavits of their income and expenses on a per month basis. Mr. Moreau's affidavit listed income of $1,372.85 per month from his position with the State, Department of Public Safety. His expenses were shown as $1,090.00 per month. Mrs. Moreau's income from the St. Landry School Board was shown to be a net of $877.29, with expenses of $2,963.00.
The rule for alimony pendente lite and child support was heard on March 12, 1982. The issue of the restricted visitations was taken up at the same time. The testimony of Mr. Moreau revealed that his income was augmented by overtime and supplemental pay and that his expenses were somewhat less than shown, due to the fact that he was not, at that time, paying rent, but was in fact attending a Law Enforcement Institute at L.S.U. and living on campus for the duration of the schooling. Mrs. Moreau's testimony evidenced that she had somewhat liberally estimated her living expenses. She and her children are living in the former family home, a three bedroom house with a small swimming pool.
The trial court awarded Mrs. Moreau $800.00 per month as alimony for the support of the children and denied her alimony pendente lite. Mr. Moreau stipulated that he would not visit with the children in the home of the woman named as his extra-marital companion, and the trial court added the further restriction to the visitation rights that Mr. Moreau could not "have any non-relative adult woman in his home while the children are visiting there." The award of child support was made retroactive to February 16, 1982. From these rulings of the trial court, Mr. Moreau appeals.
In his first assignment of error, Appellant argues that the trial court abused its discretion in awarding $800.00 per month as child support. We disagree. The trial court heard the testimony elicited concerning the relative financial status and needs of the parties and then evaluated that testimony, took into account the available funds for the support of these children, and made an award accordingly. The courts of this state have long recognized the high priority nature of the obligation of a parent to provide support for his children, and have even required a reduction in the living expenses of the supporting parent, when necessary, to provide this support. Allbritton v. Allbritton, 393 So.2d 825 (La. App. 2d Cir., 1981). When an award of child support is made by the trial court, which has much discretion in fixing the amount, such an award will not be disturbed unless there is a clear abuse of that discretion. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2d Cir., 1979). The record before us does not reveal any abuse of discretion in this award of child support.
*736 Appellant's second assignment of error contends that the trial court was in error in making the child support payments retroactive to February 16, 1982. That argument is not supportable, since it is well settled in this state that the commencement date of an award of child support payments is within the discretion of the trial court. Porche v. Porche, 371 So.2d 1178 (La.App. 1st Cir., 1979) Writ refused 373 So.2d 510 (La.).
The third and final issue presented to this court by Appellant is that of the restricted visitation rights. Mr. Moreau asserts that the trial court abused its discretion when it forbade him to take the children to the home of the woman he is allegedly "keeping company with" or to "have any non-relative adult woman in his home while the children are visiting there."
Mr. Moreau, through his counsel, stipulated that he would not take his children with him when he visited the woman named as his companion. Therefore, we do not disturb that portion of the trial court's ruling. We do agree that the restriction upon his having any non-relative adult woman in his home while the children are visiting there is overly burdensome and unsupported by the evidence.
It is well settled that the paramount consideration in determining visitation rights following a separation or divorce is the welfare of the child. Duplantis v. Monteaux, 412 So.2d 215 (La.App. 3rd Cir., 1982) and the authorities cited therein. However, the trial court cannot go "beyond the record" in making the determination. Stephenson v. Stephenson, 404 So.2d 963 (La.1981). There is nothing in this record to indicate that visiting anywhere with their father would be injurious to these children. The only reason offered for the restriction was the statement by counsel for Mrs. Moreau, "I just don't want him bringing them home; the wife doesn't either." In Stephenson, supra, the Supreme Court of this state awarded custody to a mother who had admittedly been living in an adulterous relationship. The Court based its holding on the lack of evidence indicating that the relationship had any detrimental effect on the child. In this case also, there has been no showing that having any non-relative adult woman in the home while Mr. Moreau's children are visiting with him has had or will have a detrimental effect on those children, and so the restriction cannot stand.
All costs of this appeal are to be divided equally between the parties.
AFFIRMED IN PART, REVERSED IN PART.