425 So.2d 385 (1982)
Alexis Ann CROOKS, Plaintiff/Defendant-in-Rule/Appellee,
v.
Donald A. CROOKS, Defendant/Plaintiff-in-Rule/Appellant.
No. 82-416.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*386 Shelby Bohannon, Alexandria, for Donald A. Crooks.
Trimble & Associates, Elizabeth Erny Foote, Alexandria, for Alexis Ann Crooks.
Before DOMENGEAUX, FORET and LABORDE, JJ.
LABORDE, Judge.
This is an appeal by the father, Donald A. Crooks, from a judgment dated May 14, 1982, denying his request to have the custody of the minor child, Crystal Ann Crooks, transferred to him and conditioning his visitation privileges upon his bringing current the arrearages in child support payments and keeping them current. The issues on appeal are: 1) whether the maintaining of permanent custody with the mother, Alexis Ann Crooks, is in accordance with the best interest of the child; 2) whether the trial court erred in conditioning Donald's visitation privileges upon his paying child support. We hold the trial court did not abuse its discretion in denying the request for a change in the custody of the child. However, Donald's visitation privileges cannot be made conditional upon his payments of child support. Hence, we affirm in part and reverse in part.
Donald and Alexis were divorced on June 20, 1980. At that time, custody of the only child of their marriage, Crystal Ann Crooks, was awarded to Alexis. In that judgment no visitation privileges were awarded to Donald. Subsequently, both parties remarried and Donald, now residing in Willis, Texas, filed a Rule to Show Cause why the custody of their child should not be changed to him and petitioned the court to set reasonable visitation privileges.
After a hearing, the trial court rendered judgment in favor of Alexis, dismissing the claim of Donald for custody of the minor child and awarding said custody to Alexis. Additionally, Donald was granted visitation privileges with the minor child, "at reasonable times and reasonable circumstances, including two weeks during the summer season at his home and at his expense, conditioned upon his bringing current the arrearages in child support payments and keeping them current."

CUSTODY OF THE MINOR
Louisiana Civil Code Article 157 provides the applicable law concerning an award of custody. That Article, in pertinent part, provides:
"In all cases of separation and divorce, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children."
The issue on appeal then, is whether the trial court's judgment granting permanent custody to the mother is in the best interest of the child.
The standard of appellate review of custody cases was recently discussed by our Supreme Court in Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). The court at page 1329 announced:
This Court has clearly stated that in child custody cases, the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion. Fulco, supra [Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971)]; Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). This test is substantially similar to the rule applied by the appellate court, which prevents the upsetting of a trial court determination of fact unless it is "clearly wrong". Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as much weight as a conclusion that certain evidence establishes a fact." *387 Armed with the standard of review, we now proceed to review the record.
The trial judge found and the record supports that both parents at present are fit to have custody. The trial judge gave well articulated reasons, reproduced below, for awarding custody to Alexis. Since we cannot improve on the reasons given which are fully supported by the record, we adopt them as our own:
"We've heard from a number of witnesses on both sides and from the parties themselves, and the Court has had a very informal visit with young Crystal in chambers.
Even though we have had a number of witnesses, I have gotten glimpses of the lifestyles of both parties to this lawsuit. There may be openthere may be gaps and even deep ones that the Court has not been able to penetrate. However, I've tried to read between the lines and add up everything so as to get a picture of the competing parties.
On the one hand you have the father, Mr. Crooks, who desires to be awarded custody of the child. Actually, his track record has not been too good in terms of closeness with the child or affinity. And also not too good with respect to attitude toward responsibility of supporting the child. That is obvious from all the testimony that's before the Court.
The Court is impressed, however, with Mr. Crook's present situationhis present wife and their home life and their devotion to the eleven year old child of Mr. Crooks by a previous marriage, their ability to support the child and their apparent willingness to do so, and the Court does certainly take that into account.
On the other hand, the mother of the child has now remarried and here again, her track record has not been too good, not because of her lack of affinity toward the child or even apparent affection for the child but her personal life style is such as to not impress the Court in her particular handling of the child, certainly in the past, has left a great deal to be desired. However, here again, the Court is impressed with Mrs. Alexis Ann Walls' present marriage, and with her present husband, and for whatever reasonand I do think the intervention of the Child Protection Agency played some part in thisbut in any event, for the last couple of years or so, certainly the mother of the child hashas improved considerably toward her lifestyle, her conduct and her attitude toward the child.
In view of the fact that the child has been with the mother virtually all of its lifeshe has only spent some short few weeks with the father, and has, in fact, not seen the father in many, many, many monthsthe Court feels that, taking everything into account, and with some slight worry as to the real stability and surety of an inspirational homelife and guidance and lifestyle for the child for either standpoint, but with sufficient assurance based on the current status of the parties, we feel that the best interest of the minor, Crystal, would be served and will be served by continuing the custody with her mother. The Court simply feels that a change of custody and the trauma and ramifications associated therewith, it is just not justified on the basis of the record that the Court has in front of it..."

VISITATION RIGHTS
Donald contends the trial court erred in conditioning his visitation privileges on his bringing current the arrearages in child support payments and keeping them current.
In Duplantis v. Monteaux, 412 So.2d 215, (La.App. 3rd Cir.1982), we adopted the following observation as our own:
"A divorced father is ordinarily entitled to visitation with his minor child, when custody has been awarded to the mother. However, this right may be regulated, limited, or completely taken away by the court when the father's conduct in exercising the right could injuriously affect the child...." Larroquette v. Larroquette, 293 So.2d 628, (La.App. 4th Cir. 1974), (Emphasis added) *388 Also, it is well settled that the paramount consideration in determining visitation rights following a separation or divorce is the welfare of the child. Gowins v. Gowins, 391 So.2d 48, 49 (La.App. 3rd Cir.1980); Reavill v. Reavill, 370 So.2d 175, 177 (La. App. 3rd Cir.1979).
In the case at hand, the trial court tried to enforce the payment of child support by conditioning Donald's visitation privileges upon its payment. Visitation privileges are a right of the non-custodial parent limited only by the concerns for the welfare of the child. The record discloses the conduct of Donald when visiting with Crystal is not detrimental to her welfare. The trial court concluded the above when it awarded visitation privileges to Donald. The enforcement of child support and visitation privileges should be separate. The Code of Civil Procedure provides an adequate remedy for the enforcement of child support. LSA-C. C.P. Article 3945.
We agree with the trial court in that it must look out for the child's emotional and moral welfare, however, we find the trial court abused its discretion in conditioning the visitation privileges on Donald's payment of child support.
For the above and foregoing reasons we reverse that part of judgment which conditions the award of visitation privileges upon Donald Crooks bringing current the arrearage in child support payments and keeping them current. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed equally between appellant and appellee.
AFFIRMED IN PART AND REVERSED IN PART.