WATKINS, Judge.
Gerald Wayne Ray and Dorothy Knight Ray were divorced by judgment dated June 27, 1975. Mrs. Ray was granted custody of their minor child, Gerald Wayne Ray, Jr., with Mr. Ray to have right of visitation every other weekend beginning at 5:00 p.m. Friday.
By judgment dated July 23, 1976, Gerald Wayne Ray was ordered to pay $150.00 per month child support. Thereafter, Mr. Ray sought by rule to have Mrs. Ray held in contempt of court for failure to accord him visitation rights as ordered by the court. In written reasons for judgment dated August 18, 1977, the trial court indicated Mrs. Ray (now Lambert) would not be held in contempt, because Mr. Ray had beaten his wife up several times, done damage to property, and paddled young Gerald to the point where bruises appeared. However, by judgment dated September 19, 1977, the trial court ordered the preservation of visitation rights on the part of Mr. Ray from 5:30 p.m. Friday until 6:00 p.m. Sunday, every other weekend, and, if that proved satisfactory, granted custody of the child from 9:30 a.m. November 24, 1977, until 5:00 p.m. November 27. Child support was continued at $150.00 per month.
In the present proceedings, Mr. Ray again sought by rule to have his former wife held in contempt of court for failure to accord him visitation rights as ordered, Mrs. Lambert responded by filing a rule seeking to have Mr. Ray’s visitation rights discontinued and to have a judgment making past due child support executory in the total amount of $9,720.00. The trial court by the judgment presently appealed from suspended Mr. Ray’s visitation rights until past due child support in the amount of $9,720.00 was paid. We remand for further proceedings.
*1306 Counsel for Mr. Ray on appeal (Mr. Ray appeared in proper person at trial on the rule) contends that Mr. Ray was never served in Dorothy Ray Lambert’s rule seeking to have the judgment for child support made executory and to have Gerald Wayne Ray’s visitation rights discontinued. We have examined the pleadings, and find the following notation to have been made by the office of the clerk of the trial court:
“11-2-81 Spoke w/Mr. Tate regarding service of defendant. Per Mr. Tate’s instructions, do not serve defendant”
Mr. Tate was counsel for Dorothy Ray Lambert. It thus appears that service of Mrs. Lambert’s rule was not effected. It is true that Mr. Ray voiced no objection at the commencement of trial on the rule. However, at the commencement of the trial on the rule, preliminary statements made by the trial court indicate that only the rule to hold Mrs. Lambert in contempt of court was taken up. No mention was made of Mrs. Lambert’s rule. The testimony adduced indicated in several brief passages that Mr. Ray had mailed child support payments, which were returned. However, these brief remarks were not sufficient, we find, to broaden the issues properly presented to include a consideration of Mrs. Lambert’s unserved rule. Since Mr. Ray was never served with Mrs. Lambert’s rule, and the pleadings not having been broadened, Mrs. Lambert’s rule was never properly placed at issue. Furthermore, even overlooking this flaw in the record, we see further that no evidence tending to establish the amount of past due child support was ever introduced at trial on the rule. We find that based on the record visitation rights should not have been conditioned upon payment of the fixed sum of $9,720.00 in child support, as that sum was not established at trial on the rule, and the trial court entirely lacked jurisdiction of the issues sought to be presented by Mrs. Lambert’s rule. These matters should be taken up again upon proper service and full presentation of evidence concerning the sum past due.
However, we find the trial court acted properly in suspending visitation rights, although we hold visitation rights will be suspended only until all matters are taken up and decided, and thereupon suspended, discontinued, or reinstated in full, depending upon the evidence presented. At the present time, we see that the record reveals that Mr. Ray is of a violent disposition, has torn up property, and attempted to rape his stepdaughter, whom on other occasions he mistreated. Although evidence of beatings administered by Mr. Ray upon Mrs. Lambert, and his unduly harsh paddling of young Gerald, is not directly in the record, we have before us in the record in the form of earlier reasons for judgment of the trial court statements that these incidents occurred. Until the record is fully made up, by introduction of the transcript of testimony of the prior rule or by introduction of new testimony, we feel it is in the child’s best interest that visitation rights be suspended. If a child is in danger of psychological damage, visitation rights may be regulated, limited, or completely taken away. Visitation should not be allowed if visitation could injuriously affect the child. See Larroquette v. Larroquette, 293 So.2d 628 (La.App. 4th Cir.1974) and the cases cited therein. If danger of psychological damage is a basis for suspending, altering, or ending visitation rights, certainly danger of physical harm to the child constitutes a basis for suspending visitation rights. Accordingly, Mr. Ray’s visitation rights are suspended pending amplification of the record. As no direct mention was made in the judgment appealed from on the question of holding Mrs. Lambert in contempt of court, we direct that the trial court decide the issue directly by judgment upon remand of the case.
The judgment of the trial court is set aside, except that Gerald Wayne Ray’s visitation rights with respect to Gerald Wayne Ray, Jr., are suspended pending the final outcome of this matter, and the case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SHORTESS, J., concurs.