434 So.2d 1240 (1983)
Lucia LASSEIGNE
v.
Jody Antoine LASSEIGNE.
No. 82 CA 1085.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1241 Edward T. Diaz, Golden Meadow, for plaintiff-appellee Lucia Danos Lasseigne.
F. Smith Knobloch, Thibodaux, for defendant-appellant Jody Antoine Lasseigne.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Defendant-appellant, Jody Antoine Lasseigne, appeals the trial court's restriction of the visitation rights awarded him under the divorce a vinculo matrimonii from plaintiff-appellee, Lucia Lasseigne.
On February 23, 1973, plaintiff and defendant were married in Lafourche Parish. Two children (Uriah, age 9, and Jazzi, age 2) were born of this marriage. Subsequently, marital discord occurred and on October 7, 1981, a legal separation based on mutual fault was rendered. This judgment was signed on December 8, 1981. Subsequently, plaintiff filed a petition for divorce, and judgment was rendered on August 18, 1982. In the judgment of divorce, permanent care, custody and control of the minor children were granted to plaintiff. Defendant was ordered to pay One hundred seventy-five and no/100 ($175.00) Dollars per month per child in support plus all necessary medical and dental expenses incurred by plaintiff on behalf of the minor children. Further, reasonable visitation rights were mutually agreed upon and detailed in the judgment.
On September 14, 1982, plaintiff filed a rule to restrict visitation based upon an alleged detrimental effect to the welfare of the children. After a hearing on the merits, the trial court rendered judgment in favor of the plaintiff. Defendant's visitation rights were restricted to those times in which he was not in the presence of the woman with whom he was allegedly living in open concubinage.
The exact ruling of the court, in pertinent part, is as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be Judgment herein in favor of Plaintiff in Rule, Mrs. Lucia Danos (Lasseigne) Anselmi and against the Defendant in Rule, Jody Lasseigne, setting the visitation rights of Jody Lasseigne with his two (2) minor children, Uriah Lasseigne and Jody Antoine Lasseigne [sic], according to the same schedule of times and dates as previously established herein provided that Jody Lasseigne may not have his children visit with him in his home while the woman he is living with in open concubinage is present in the home, nor can he have his children to visit with him at any time or any place when the woman he is living with is present."
Defendant assigns as error the trial court's placing of the aforementioned restriction on him as being: (1) overly burdensome *1242 and detrimental to the best interest of the children, and (2) not supported by the record. He contends the trial court abused its discretion.
The trial court's determination in custody cases is entitled to great weight and will not be disturbed unless a clear showing of abuse of discretion is made. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); and Strong v. Trosclair, 423 So.2d 13 (La.App. 1st Cir.1982). Armed with this standard of review, we now proceed to review the record.
While a non-custody parent is ordinarily entitled to visitation rights with his minor child, this right may be regulated, limited, or completely taken away by the court when the non-custody parent's conduct in exercising that right could injuriously affect the child. Crooks v. Crooks, 425 So.2d 385 (La.App. 3rd Cir.1982). It is well settled that the paramount consideration in determining visitation rights of a non-custody parent following a separation or divorce is the welfare of the child. Billiot v. Billiot, 422 So.2d 238 (La.App. 4th Cir.1982); and Moreau v. Moreau, 422 So.2d 734 (La.App. 3rd Cir.1982). In making such determination, the trial court may not go "beyond the record." Stephenson, supra; and Moreau, supra.
In the instant case, the trial court specifically noted the defendant's sexual lifestyle to be the cause for restricting the visitation rights awarded him under the divorce decree. Our courts have consistently held that the ultimate determination of whether a parent's visitation or custody rights would be affected depends upon whether or not the behavior was damaging to the child. This determination involves several factors:
(1) Is the child aware of the illicit relationship?
(2) Has sex play occurred in the presence of the child?
(3) Was the sexual misconduct notorious, bringing embarrassment to the child? and
(4) What effect has the conduct on the family life?

Monsour v. Monsour, 347 So.2d 203 (La. 1977); Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (La. 1971); and Duplantis v. Monteaux, 412 So.2d 215 (La.App. 3rd Cir.1982).
Here, the defendant admits to living in open concubinage with Ms. Ruby Cheramie. Defendant, Ms. Cheramie as well as her three daughters all reside in defendant's trailer, which is located next door to plaintiff's home. The record also reflects that during the visitation periods accorded the defendant, his son sleeps on the cot in the living room while his daughter sleeps with Ms. Cheramie's three daughters. Further, defendant testified that he and Ms. Cheramie do not allow the children to either view or enter into their bedroom. However, the record does reflect that the children do see signs of affection (i.e., hugs and kisses) between the defendant and Ms. Cheramie during their visits.
We find the instant case to be similar to that in Larroquette v. Larroquette, 293 So.2d 628 (La.App. 4th Cir.1974). The court in Larroquette, supra, held that bringing an eight-year-old in the presence of the father's concubine was not in the best interest of the child. The court, therefore, denied overnight visitation and even restricted daytime visitation to take place outside the home. The trial court's fundamental consideration was to prevent the undermining of the child's respect for the family institution. We agree with the trial court's reasoning.
The order, as framed in this instance, however, could be interpreted to prevent visitation from taking place in the presence of church members, school teachers, and other close relatives if Ms. Cheramie was also present. That part of the order is overly broad and clearly an abuse of the court's discretion.
For the above and foregoing reasons, the trial court's judgment is amended to delete the following language:
"... nor can he have his children to visit with him at any time or any place when the woman he is living with is present."
In all other respects, the judgment of the trial court is affirmed. Plaintiff and defendant *1243 are to share the costs of this appeal equally.
AMENDED AND, AS AMENDED, AFFIRMED.