STOKER, Judge.
Appellant, Jeanel J. Lee, appeals from a judgment relative to child support payments he is required to pay. He also appeals the refusal of the trial court to alter visitation rights in effect. Jeanel J. Lee (Jeanel) is the father of five children of his marriage with appellee, Lois Caillier Lee (Lois). The parties were judicially separated and then divorced. In both the separation and divorce decrees, Lois was given custody of the five children. Jeanel was ordered to pay $1,000 monthly for the support of the children. Jeanel was given visitation rights on alternate weekends.
Appellant filed a motion to reduce the child support and also requested liberalization of the visitation rights. After trial on the motion, the triaL court reduced the monthly support required from $1,000 to $600. Appellant complains the trial court erred in not reducing the payments to $400 per month. Appellant also contends that the trial court erred in refusing to grant him more liberal visitation rights.
We affirm.
FACTS
The ages of the five Lee children are 8, 11, 13, 14 and 15. The record reveals that in fixing child support in the separation and divorce decree the trial court specified that the payment was based on an award of $200 per child. Originally the trial court found that appellant had a net income of $1,800 per month which was “ ‘free’ money available to him.” In reasons for judgment after trial of the motion to reduce, the trial court found that Jeanel’s financial situation then showed he had a net of only $1,176.71. His former wife, Lois, testified that she earned an average of $281.67 per month as a part-time cashier at Dixieland IGA. Her hourly wage is $3.50 to $3.55 per hour. She denied that she worked as much as thirty hours a week and maintains that she averages only $281.67 per month. Lois ' receives $75 per month for a house but has no other income. She receives some help from relatives.
Lois listed her expenses for herself and her children for a total of $2,322.25 as compared to $3,521 at the time of the previous hearing. Jeanel testified that his monthly expense as itemized on a list in evidence total $866 which leaves him a net of only $310.
The only significant fact relative to the visitation issue is that Jeanel lives six or seven miles distant from Lois and his children.
CHILD SUPPORT REDUCTION
As noted, the trial court gave judgment in mover’s favor reducing child support from $1,000 per month to $600 per month. Appellant urges the reduction should be to $400. In support of this argument appellant asserts that his own expenses leave him only $310 available for the children. Further, appellant challenges the trial court’s finding that Lois makes only $281.67 per month. He urges that she earns $455 per month based on a thirty-hour week at $3.50 per hour.
Without detailing all the respective arguments we conclude that the trial court’s findings relative to earnings and expenses of the two parties are not clearly wrong. We do not find any clear abuse of discretion on the part of the trial court without which we cannot disturb its determination of the father’s child support obligation. Guinn v. Guinn, 405 So.2d 620 (La.App. 3rd Cir.1981).
VISITATION RIGHTS
Appellant urges that in his case visitation rights, restricted to alternate weekends, are unrealistic because he lives so near to his children. Under the circumstances, appellant feels that the visitation *968 arrangement should be liberalized. He feels, for example, that there is no reason that his children should not visit with him on school nights as the children could study at his home as well as their mother’s home. The trial court found that any difficulty appellant was having in exercising his present rights was not the fault of Lois. Rather the problem stems from the fact that the children, especially the teenagers, have weekend programs of their own which they do not want disrupted by being made to visit with their father.
In any event we cannot say that the trial court abused its discretion in refusing to make any change in visitation rights in appellant’s favor. See Gowins v. Gowins, 391 So.2d 48 (La.App. 3rd Cir.1980).
For the reasons given the judgment of the trial court is affirmed. Appellant is assessed with the costs of this appeal.
AFFIRMED.