DOUCET, Judge.
This is an appeal by a wife from an adverse judgment on a post-divorce rule to reduce or terminate specific visitation rights of the husband with their nine year old daughter.
The parties separated in 1977 and were divorced in 1979. In the meantime, the husband joined the Navy and spent little time with the child until he was discharged and returned to live in Marksville about 1981. Thereafter, visitation was sporadic until the Fall of 1984 when it began on a regular basis in accordance with the divorce decree.
This rule was tried on July 22,1985. The wife contended that such visitation had an adverse psychological effect on the child as evidenced by her falling grades, irritability and other personality changes. Her position was supported by the testimony of the child’s teacher and a psychologist who had been consulted for several years following an accident which necessitated amputation of one of the child’s toes.
The wife’s chief complaints were that the father smoked marijuana occasionally, used obscene and abusive language with reference to the mother and permitted the child to see a Home Box Office film which apparently displayed some sex scenes. Also, at times the father cohabited with another woman at his home where he exercised his visitation rights. These parties were married, however, shortly before the rule was tried, thus effecting a reformation of their relationship. On one or two occasions, the child did not wish to visit with the father, but the preponderance of evidence was to the effect that she actually enjoyed such visitation.
The father testified that he was unaware of any change in the child’s emotional state and expressed a desire to eliminate any problems that may have given rise thereto, even to the extent of his visiting and cooperating with the psychologist.
The trial judge recognized the child’s psychological condition, but believed it could be corrected by cooperation between the husband and wife, rather than by changing the visitation provisions of the divorce decree.
“When the parents of the minor child are separated or divorced and the custody of the child has been awarded to one parent, the other has the right to see and visit with the child at reasonable times, unless that right has been forfeited by the parent who claims it, or unless the exercise of that privilege would injuriously affect the child. The paramount consideration in determining the specific visitation privileges which should be granted in any case is the welfare of the child.... Much discretion is vested in the trial court in determining the times when and the conditions under which a *49 parent may have access to his child, and the decision of the trial judge as to the visitation privileges will not be disturbed unless there has been an abuse of discretion.”
Pate v. Pate, 348 So.2d 1338 (La.App. 3rd Cir.1977). See also: Crooks v. Crooks, 425 So.2d 385 (La.App. 3rd Cir.1982).
The trial judge observed and questioned the parties and other witnesses and his decision in these matters is entitled to great weight. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Strong v. Trosclair, 423 So.2d 13 (La.App. 1st Cir.1982). From our review of the record we are unable to say that there has been an abuse of discretion in this case.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.