NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-410

JESSE BLOCKER

VERSUS

KIMBERLY FERGUSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 46376
HONORABLE LEO BOOTHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

Charles R. Joiner
Joiner & Godeau
P. O. Box 1117
West Monroe, LA 71294-1117
(318) 388-3636
COUNSEL FOR PLAINTIFF-APPELLANT:
     Jesse Blocker

**John C. Reeves**
**Attorney at Law**
**P. O. Box 219**
**Harrisonburg, LA 71340**
**(318) 744-5457**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Kimberly Ferguson**

**SAUNDERS, J.**

In this child custody case, the father, Jesse Blocker (J.B.), appeals the trial court's judgment awarding the mother, Kimberly Ferguson (K.F.), sole custody of their minor children subject to scheduled visitation for ten hours per calendar month of physical custodial time or contact. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY:

J.B. and K.F. are the biological parents of two minor children: seven-year-old R.L.B. and three-year-old R.A.B. They resided together in Concordia Parish until separating in April 2011. They were never married. Both parties filed petitions for sole custody of R.L.B. and R.A.B.

J.B. filed a petition for sole custody with visitation to K.F. on May 5, 2011. He alleged that K.F. physically abused their son. K.F. filed an answer and reconventional demand on June 21, 2011, for sole custody based on a 1997 *nolo contendere* plea by J.B. to contributing to the delinquency of a juvenile in Morehouse Parish. She made no reference as to visitation or physical custody.

A trial was held on July 25, 2011. The hearing was continued on November 11, 2011, when the depositions were introduced and J.B. testified. After taking the matter under advisement, the trial court concluded that the allegations of abuse against J.B. were enough to award K.F. sole custody and that sole custody was in the children's best interest. J.B. was granted supervised visitation from noon to 5:00 P.M. on the first and third Sunday of each month with the location of said supervised visitation to be determined by K.F. The trial court also ordered injunctions prohibiting harassment and abuse and deferred child support issues to a later proceeding. All costs were assessed to J.B. The trial court filed no reasons for judgment.

## ASSIGNMENTS OF ERROR:

On appeal, J.B. sets forth the following assignments of error:

1. The [t]rial [c]ourt erred in granting sole custody of R.L.B. and R.A.B. to K.F., and, in not awarding, at least, joint custodial status to J.B.

2. The [t]rial [c]ourt erred in imposing any supervision requirements on the visitation privileges of J.B.

3. The [t]rial [c]ourt erred in providing for only 10 hours per calendar month of physical custodial time or contact between J.B. and the parties' minor children.

## LAW AND ANALYSIS:

### Sole Custody

J.B. asserts on appeal that the trial court erred in granting sole custody of their children to K.F. We disagree.

The standard of review in child custody matters has been clearly stated by this court in *Hawthorne v. Hawthorne*, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied*, 96-1650 (La. 10/25/96), 681 So.2d 365:

> The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion.

Absent such showing, an appellate court shall not reverse a trial court, regardless of whether its decision would have been different had it been sitting as trier of fact. *Mills v. Hardy*, 02-1062 (La. App. 3 Cir. 3/26/03), 842 So. 2d 443. Furthermore, an appellate court may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." *Dupre v. Dupre*, 02-902 (La.App. 3 Cir.) 12/30/02, 834 So.2d 1272, 1276.

Awards of custody have always been based on the best interest of the child. La.Civ.Code art. 131. In the absence of a custodial agreement by the parents, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly. La.Civ.Code art. 132. This shows a preference by the legislature for joint custody arrangements. However, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent. La.Civ.Code art. 132. The trial court held there was clear and convincing evidence to find that sole custody to K.F. was warranted and in the best interest of the children.

In conducting our appellate review, we remain mindful that the issue before this court is whether the trial court abused its discretion in determining K.F. met her burden of proving, by clear and convincing evidence, that the award of sole custody is in the best interest of the R.L.B. and R.A.B. The "clear and convincing" evidentiary standard is a heavier burden of proof than the usual civil case "preponderance of the evidence" standard, but is less burdensome than the "beyond a reasonable doubt" standard of a criminal prosecution. *Harper v. Harper*, 33,342, p. 6 (La.App. 2 Cir. 6/21/00), 764 So.2d 1186, 1190. To prove a matter by clear and convincing evidence means to demonstrate the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. *Renter v. Willis-Knighton Medical Center,* 28,589 (La.App. 2 Cir. 8/23/96), 679 So.2d 603.

We find that the trial court did not abuse its discretion in considering evidence of events occurring before the custody judgment for purposes of determining custody based on the best interest of the children. Further, we find that the trial court was not manifestly erroneous in determining that there is a likelihood of abuse based on the history of family violence perpetrated by J.B.,

3

which would necessitate sole custody being in the best interest of the children under La.Civ.Code art. 132.

Family violence typically requires the application of the Post-Separation Family Violence Relief Act (PSFVRA), which creates a presumption that no parent who has a history of such violence shall be awarded sole or joint custody of children. La.R.S. 9:364. In this case, the record supports the conclusion that J.B. has a history of sexually molesting children. J.B.'s grown son, J.L., testified that his father abused him when he was four years old. J.B.'s nephew testified to being molested by J.B. J.B.'s ex-wife, T.I., also testified that J.B. molested their daughter when she was three years old. J.B. was charged with contributing to the delinquency of a minor in 1997, which resulted in twenty-four months of supervised probation. There is no evidence as to violence against R.L.B. and R.A.B., so La.R.S. 9:364 is not directly applicable, but his two previous marriages resulted in abuse of children, which this court cannot ignore.

J.B. asserts K.F. abused their son by slapping him across the face with such force that he fell off a stool. K.F. denied this allegation and testified that she does discipline their children through spanking.

When considering all of the evidence presented, and determining the best interest of the children, the trial court's findings are well supported by clear and convincing evidence. We find the evidence to be clear and convincing evidence and that the award of sole custody to K.F. is in the best interest of the minor children as required by the standards set forward in La.Civ.Code art. 132.

There is no basis for overturning the district court's decision placing sole physical custody with K.F. This court holds that there was no abuse of discretion as to the trial court's custody arrangement or manifest error as to the trial court's

4

factual determinations.  As such, we affirm the trial court's award of sole custody to K.F.

*Supervised Visitation*

J.B. asserts on appeal that the trial court erred in imposing supervision over his visitation. We disagree.

It is well settled that the paramount consideration in determining visitation rights following a separation or divorce is the welfare of the child. *Gowins v. Gowins*, 391 So.2d 48, 49 (La.App. 3 Cir. 1980).  As such, the trial court is vested with a broad discretion in its award of visitation privileges to a parent.  To overturn the trial court's decision as to supervised visitation would require a showing of abuse of discretion.  J.B. has a history of family violence and sexually molesting children, which is shown by clear and convincing evidence in the record.  The trial court's decision to require supervised visitation is supported.  Thus, we find no abuse of discretion.

The trial court's decision as to supervised visitation is affirmed.

*Visitation Time*

J.B. asserts on appeal that the trial court erred in providing for only ten hours per calendar month of visitation with his children.  We disagree.

The controlling article on visitation for a parent without custody is La.Civ.Code art. 136, which states that a parent not granted custody or joint custody of a child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would not be in the best interest of the child.  The Louisiana Supreme Court has emphasized that the right of visitation is not without its limitations, and the rights of any parent are always subservient to the best interests of the child.  *Maxwell v. Leblanc*, 434 So.2d 375 (La.1983).  A parent is

entitled to reasonable visitation rights unless it is proven conclusively that visitation would seriously endanger the child's physical, mental, moral or emotional health. *Maxwell*, 434 So.2d at 379. The paramount consideration in the setting of visitation privileges for the non-custodial parent is the best interest or welfare of the children. *Barberousse v. Barberousse,* 556 So.2d 930 (La.App. 3 Cir. 1990).

The trial court has much discretion in determining times and conditions for visitation and that decision will not be disturbed unless there has been an abuse of discretion. *Johnson v. Johnso*n, 39 So.2d 340 (La.1949). A court shall be guided by several best interest factors in deciding whether to deny or limit visitation, some of these are discussed in *Maxwell* and others are codified in La.Civ.Code art. 134. *See: Maxwell*, 434 So.2d 378-79. The trial court is in the best position to evaluate the parties at trial and what is in the best interest of the children. There has not been a clear showing of abuse of discretion. There is evidence in the record to support the trial court's determination that the children may be endangered physically, mentally, morally, or emotionally.

The trial court's decision as to ten hours a month on the first and third Sunday of the month is affirmed.

## CONCLUSION:

The judgment of the trial court awarding sole custody of the children. is affirmed. K.F. is hereby awarded sole custody with J.B. being granted supervised visitation.

Costs of this appeal are assessed to J.B.

**AFFIRMED**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2–16.3.